IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELVIN J. COCHRAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO.  1:15-cv-00477-LMM |
| ) | |
| THE CITY OF ATLANTA, ) | |
| GEORGIA and KASIM REED, ) | |
| MAYOR, IN HIS INDIVIDUAL ) | |
| CAPACITY, et al. ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION FOR PERMISSION TO SUBMIT THIS STATUS REPORT IN LIEU OF PRE-TRIAL ORDER

COME NOW Plaintiff Kelvin J. Cochran and the City of Atlanta and Mayor Kasim Reed[1] ("Defendants"), by and through their respective counsel, and hereby submit this Joint Motion for permission to submit this status report in lieu of a Pre-Trial Order.

Whereas the parties recognize the following:

---

[1] The Court granted summary judgment in favor of Defendants on all claims against Mayor Reed.  Accordingly, only the City of Atlanta remains a party with respect to the claims at issue here.

-1-

1. The Court entered a December 20, 2017 Order on the Parties' Cross-Motions for Summary Judgment in which it granted the Defendants' motion as to the free speech retaliation, freedom of association, viewpoint discrimination, free exercise of religion, no religious tests clause, and due process claims, but denied it as to prior restraint and unbridled discretion, granting Plaintiff summary judgment on those two claims.

2. In its December 20, 2017 Order, the Court directed the parties to file a Pre-Trial Order within 30 days which "should clearly present the issues the parties contend remain given this Order."

3. The Parties agree that neither anticipate filing an appeal to the Court's December 20, 2017 Order at this time.

4. The Parties agree that, once the issue of causation is resolved, they could be able to resolve issue of damages without the need for trial.

5. The Parties disagree as to whether the Court's December 20, 2017 Order on Summary Judgment resolved the issue of causation.

    a. Plaintiff contends that the Court's Order finding that Defendants' policies are unlawful prior restraints and unlawfully confer unbridled discretion, and that those policies were asserted as grounds for the Plaintiff's suspension and termination, means he is

      entitled to damages. Plaintiff contends that no further inquiry regarding causation is needed under the Supreme Court's two step analysis in *United States v. National Treasury Employees Union*, 513 U.S. 454 (1995).

  b. Defendants contend that the Court's grant of summary judgment to Plaintiff is not a determination that the policies the Court ruled unconstitutional actually caused any damage to the Plaintiff and that issue still remains to be decided by the Court or a jury.

6. The Parties agree that direction from the Court is needed as to whether a further ruling on causation is necessary.

7. Should the Court determine further briefing is needed to make a determination on this dispute, the Parties respectfully propose that the Court allow briefing as follows:

    Defendants submit a brief outlining their position within fourteen (14) days following the Court's entry of an order granting such briefing;

    Plaintiff submit a Response within fourteen (14) days following Defendants' filing;

    Defendants submit a reply within seven (7) days thereafter.

-4-

8. Once the Court determines the issue of causation, the Parties request that the Court allow them 30 days to either file a notice of appeal, or attempt to settle the issue of damages.

9. The Parties suggest that they submit a joint status report to the Court after the expiration of that 30 days.

Wherefore, the Parties jointly move the Court to:

Allow them to submit this Joint Status Report in Lieu of Pre-Trial Order; and

Enter an Order advising the parties as to how it would like to proceed on the issue of causation.

Respectfully submitted this the 17th day of January, 2018.

Jonathan D. Crumly, Sr.
Georgia Bar No. 199466
Maner Crumly Chambliss LLP
2900 Paces Ferry Road
Suite B-101
Atlanta, GA 30339
(770) 434-0310
(404) 549-4666 (facsimile)
Jcrumly@Manercc.com

Garland R. Hunt
Georgia Bar No. 378510
Hunt & Associates
12110 Helleri Hollow
Alpharetta, GA 30005

/s/ Kevin H. Theriot
David A. Cortman
Georgia Bar No. 188810
Alliance Defending Freedom
1000 Hurricane Shoals Road, NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (facsimile)
dcortman@adflegal.org

Kevin H. Theriot
Georgia Bar No. 373095
Kenneth J. Connelly*
Arizona Bar No. 025420
Jeana Hallock*

(770) 294-0751
(770) 777-5847 (facsimile)
garlandhunt1@gmail.com

Arizona Bar No. 032678
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)
ktheriot@adflegal.org
kconnelly@adflegal.org
jhallock@adflegal.org

Attorneys for Plaintiff
*pro hac vice* admission

/s/ David E. Gevertz
David E. Gevertz
GA Bar No. 292430
Kathryn J. Hinton
GA Bar No. 542930
Hannah E. Jarrells
GA Bar No. 784478
Baker, Donelson, Bearman, Caldwell
& Berkowitz, P.C.
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326-1164
Phone:  678-406-8736
Fax:  678-406-8836
dgevertz@bakerdonelson.com
khinton@bakerdonelson.com
hjarrells@bakerdonelson.com

Attorneys for Defendants

### CERTIFICATE OF COMPLIANCE WITH RULE 5.1(B)

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the font and point size, Times New Roman 14 point, used in this document, comply with Local Rule 5.1(C).

*/s/ Kevin H. Theriot*
Kevin H. Theriot
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2018, a copy of the foregoing document was filed with the Clerk of the Court using the ECF system which will effectuate service upon all parties.

> */s/ Kevin H. Theriot*
> Kevin H. Theriot
> *Attorney for Plaintiff*