IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kelvin J. Cochran )<br><br>Plaintiff, )<br><br>v. )<br><br>THE CITY OF ATLANTA,<br>GEORGIA, )<br><br><br><br>Defendant. ) | CIVIL ACTION FILE<br>NO. 1:15-cv-00477-LMM<br><br>**CONFERENCE REQUESTED** |

## [PROPOSED] PRETRIAL ORDER

Plaintiff Kelvin Cochran and Defendant City of Atlanta hereby jointly submit this Proposed Pretrial Order.

1.

**There are no motions or other matters pending for consideration by the court except:**

Defendant has a pending Motion to Strike the Report and Testimony of Plaintiff's Expert Francis W. Rushing, Ph.D., which it filed on July 3, 2018. Prior to filing this proposed pretrial order, Plaintiff filed a motion to exclude portions of the testimony of Defendant's expert, Mr. Zandman.

Additionally, Plaintiff intends to file a motion in limine as to the propriety of limiting Chief Cochran's lost wages and other damages by using argument, evidence, and testimony as laid out in Defendant's Outline of the Case (Attachment D), to which Plaintiff objects as argumentative and not in accord with the facts of the case and this Court's resolution of the parties' respective motions

for summary judgment. Because Plaintiff believes this issue is central to the planning and conduct of the upcoming trial, and because it has the potential to change witness and exhibit lists, he intends to file such a motion before the deadline for motions in limine contained in this proposed pre-trial order.

2.

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

Except for any depositions necessary for the preservation of evidence and for use at trial, discovery is completed.

Plaintiff anticipates having to depose a number of witnesses on its witness list who will likely be unavailable for trial.

3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties' names are correct, and there is no question as to misjoinder or non-joinder of any parties.

4.

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdiction basis separately.)**

There is no question or dispute as to the jurisdiction of the Court.  Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and asserted claims sounding in the First and Fourteenth Amendments to the United States Constitution and  Article VI, Clause 3 of the United States Constitution. This Court has original jurisdiction over Plaintiff's federal claims by virtue of 28 U.S.C. §§ 1331 and 1343.  This Court is authorized to issue the requested injunctive relief pursuant to Fed. R. Civ. P. 65 and 28 U.S.C. § 1343(3), and is authorized to award the requested damages under 28 U.S.C. § 1343(3).  This Court is authorized to award attorneys' fees under 42 U.S.C. § 1988.

5.

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    <u>**Plaintiff:**</u>

    David A. Cortman
    Alliance Defending Freedom
    1000 Hurricane Shoals Road, NE
    Suite D-1100
    Lawrenceville, GA 30043
    (770) 339-0774
    (770) 339-6744 (facsimile)
    dcortman@ADFlegal.org

    Kevin H. Theriot
    Alliance Defending Freedom
    15100 N. 90th Street
    Scottsdale, AZ 85260
    (480) 444-0020
    (480) 444-0028 Fax
    ktheriot@ADFlegal.org

**Defendant:**

David E. Gevertz

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

3414 Peachtree Rd NE

Monarch Plaza, Suite 1600

Atlanta, GA 30326

404-221-6512

dgevertz@bakerdonelson.com

Kathryn J. Hinton

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

3414 Peachtree Rd NE

Monarch Plaza, Suite 1600

Atlanta, GA 30326

404-223-2216

khinton@bakerdonelson.com

6.

**Normally the Plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(6)). State below the reasons, if any, why the Plaintiff should not be permitted to open arguments to the jury.**

None.

7.

**The captioned case shall be tried [_X_] to a jury or [_X_] to the court without a jury, or [___] the right to trial by jury is disputed.**

This Court has determined that damages issues regarding front pay and/or reinstatement are equitable issues for the Court to decide, whereas compensatory damages for reputational harm, emotional distress, and the like will be submitted to a jury. This Court has further determined that back pay damages are also equitable in nature. But because it will be tried with legal issues, this Court has determined that it will submit the back pay issue to the jury for an advisory verdict, "consistent with Federal Rule of Civil Procedure 39(c)(1)." The Court has further indicated that it will require the "parties to submit proposed verdict forms which assure that all

factual overlaps between the legal and equitable claims, if any, will be determined by the jury." Dkt. text of 4/24/18.

8.

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

Because liability has already been established pursuant to this Court's December 20, 2017 Order on the parties' respective motions for summary judgment, no bifurcation is necessary. The trial will be limited to a consideration of damages only.

9.

**Attached hereto as Attachment A and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

**Attached hereto as Attachment A-1 is a Supplemental Juror Questionnaire the parties agree should be given to jurors before voir dire commences.**

Defendant objects to portions of Plaintiff's proposed Supplemental Juror Questionnaire. Specifically, Defendant objects to Questions 2, 4 and 7. Defendant believes these questions to be cumulative and prejudicial.

Additionally, on Question 1 Plaintiff would ask "experienced" or "experienced or complained of," while Defendant would ask "complained of."

10.

**Attached hereto as Attachment B-1 are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment B-2 are the general questions which Defendant wishes to be propounded to the jurors on voir dire examination.**

**The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

*See* Attachment B-1 for Plaintiff's proposed voir dire questions, and Attachment B-2 for Defendant's proposed voir dire questions.

11.

**State any objections to Plaintiff's voir dire questions:**

Defendant objects to Plaintiff's Voir Dire Questions 21-24.

**State any objections to Defendant's voir dire questions:**

Plaintiff objects to Defendant's Voir Dire Questions 3(b) ("If so, how would you describe the organization [ADF]?), 6(b) ("What have you heard and how did you hear it? [about Chief Cochran]), 11, 13, 14, and 22.

12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side**

**as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).**

The parties request an additional two peremptory challenges, for a total of five each.

13.

**State whether there is any pending related litigation. Describe briefly, including style and civil action number.**

There is no pending related litigation.

14.

**Attached hereto as Attachment C is Plaintiff's outline of the case which includes a succinct factual summary of Plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by Plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, Plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this matter shall not be recoverable.**

15.

**Attached hereto as Attachment D is the Defendant's outline of the case which includes a succinct factual summary of all general, special and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the Defendant shall separately**

**provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this matter shall not be recoverable.**

16.

**Attached hereto as Attachment E are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.**

17.

**The legal issues to be tried are as follows:**

Because liability has already been established, the only legal issues left to be tried relate to damages.  They are:

**<u>By the Plaintiff:</u>**

1.  What is the proper amount of back pay (to include fringe benefits and pension losses) Plaintiff should be awarded as a consequence of Defendant's unconstitutional actions?

2.  Whether reinstatement is an appropriate remedy, and if not, what is the proper amount of front pay (to include fringe benefits and pension losses) Plaintiff should be awarded as a consequence of Defendant's unconstitutional actions?

3.  What is the proper amount of compensatory monetary damages Plaintiff should be awarded for loss of reputation, humiliation, emotional and mental suffering and distress, inconvenience, compensation for costs associated with finding new employment, lost

income associated with speaking engagements, consulting work, book sales, and other lost business opportunities resulting from Defendant's unconstitutional actions?

**Equitable Issues to Be Tried**

This Court has already determined that front pay and/or reinstatement are equitable issues proper for the Court to decide. While backpay is also equitable in nature under 11th Circuit precedent, this Court has further determined that this issue will be submitted to a jury for an advisory verdict because the issue is intertwined with legal issues.

**<u>By the Defendant:</u>**

The issues to be tried include those identified by Plaintiff, as well as the following:

1. Whether Plaintiff is entitled to actual or merely nominal damages.

2. Whether Plaintiff mitigated his damages.

18.

**Attached hereto as Attachment F-1 for the Plaintiff and Attachment F-2 for the Defendant is a list of all the witnesses and their address for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.**

**All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses**

**whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

Plaintiff objects to Defendant's witness list to the extent certain witnesses on that list were not properly disclosed, and reserves the right to file a motion in limine with respect to such witnesses.

Defendant objects to the following witnesses on Plaintiff's list, as none of them were identified in Plaintiff's initial disclosures nor otherwise disclosed to Defendant as potential witnesses in this case, as required in order to be admissible to testify at trial by the Federal Rules of Civil Procedure:

- Carolyn Cochran
- Former Deputy Chief Wilmond Meadows
- Doug Hall
- Matt Nelson
- Jonathan D. Hart
- Ret. Fire Chief Richard Bowers
- Ret. Battalion Chief Lawrence Schwarz
- Ret. Battalion Chief Walter Parker
- Billy Shoemaker
- Ed Elliott
- Mike Griffin
- Gerald Harris
- Bernard Coxton
- Ollie Tyler
- Bryan Hastings
- Thomas Veal

Defendant intends to file a motion in limine with respect to these witnesses, but states its objection here as well.

19.

Attached hereto as Attachment G-1 for the Plaintiff and G-2 for the Defendant are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

The parties do not know at this time which witnesses, if any, will be unavailable for trial.  Plaintiff does anticipate having to depose a number of witnesses on its witness list who may be unavailable for trial (*see* ¶2). To the extent any witness ultimately proves to be unavailable for trial, the parties will provide deposition designations within five days of receiving the deposition transcripts for any unavailable witness.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the date the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

21.

**Attached hereto as Attachments H-1 for the Plaintiff and H-2 for the Defendant are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

The parties request that all trial briefs, if any, be filed no later than twenty-one (21) days before trial, with responses to be filed no later than ten (10) days before trial.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment I to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

The Court, in its 4/24/18 docket notice/text, indicated that it would require the parties to "submit proposed verdict forms which assure that all factual overlaps between the legal and equitable claims, if any, will be determined by the jury."

*See* Attachment I-1 for Plaintiff's Proposed Verdict Form and Attachment I-2 for Defendant's Proposed Verdict Form.

24.

**Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

The parties do not request additional time.

25.

**If the case is designated for trial to the court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.**

Not applicable.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on February 23, 2018, and by telephone conference on August 29, 2018, to discuss in good faith the possibility of settlement of this case. The court [___] has or [_X_] has not discussed settlement of this case with counsel. It appears at this time that there is:

[___] A good possibility of settlement.

[X] Some possibility of settlement.

[___] Little possibility of settlement.

[___] No possibility of settlement.

27.

**Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

Given the number of important issues that still remain to be resolved, the parties would like to submit to the Court, after they have had a chance to confer further, a number of proposed dates for trial.

28.

The Plaintiff estimates that it will require **3** days to present its evidence. The Defendant estimates that it will require **2** days to present its evidence. It is estimated that the total trial time is **5-6** days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case [____] submitted by stipulation of the parties or [____] approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED, this the ____ day of _____, 2018.

_____
The Honorable Leigh Martin May
United States District Court Judge
Northern District of Georgia

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

s/ Kevin H. Theriot             s/ David E. Gevertz     
Kevin H. Theriot                   David E. Gevertz
Counsel for Plaintiff            Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 5.1, I certify that this filing complies with font and point selections set forth in Local Rule 5.1(c).  This document has been prepared using Times New Roman font (14 point).

Dated:

*s/Kevin H. Theriot*
Kevin H. Theriot

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2018, a copy of the foregoing

Pretrial Order was served via the Court's ECF filing system which will send

notification of such filing to the attorneys of record.


 *s/Kevin H. Theriot*
Kevin H. Theriot

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA and KASIM REED, | ) | |
| MAYOR, IN HIS INDIVIDUAL | ) | |
| CAPACITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT "A"**
**QUESTIONS REGARDING JUROR**
**LEGAL QUALIFICATIONS TO SERVE**

In addition to the Background Jury Questions listed in the Court's Standing Order Regarding Civil Litigation, Plaintiff requests that the Court ask the following additional question:

1.  What is your major source of news?

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA and KASIM REED, | ) | |
| MAYOR, IN HIS INDIVIDUAL | ) | |
| CAPACITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT "A-1"
### Supplemental Juror Questionnaire

Plaintiff proposes that the following supplemental juror questionnaire be given to jurors and completed by them prior to the commencement of voir dire. Defendant's additional questions are noted where applicable, and its objections are contained in the Pre-Trial Order at Paragraph No. 9.

## SUPPLEMENTAL JUROR QUESTIONNAIRE

This juror questionnaire has been prepared for your completion and has been approved by the Court.  Please answer each question completely and as accurately as you possibly can.  Your complete written answers will save a great deal of time for the judge, the lawyers, and for you.  Your answers will have the effect of a statement given to the Court under oath.  Your very best, honest effort to answer the questions is needed.  There are no right or wrong answers to any of the questions. Please answer thoughtfully, thoroughly, and candidly.

If there is not sufficient space provided for you to write your full answer, there are blank pages at the end of the questionnaire.   When you need to do so, continue your answer on one of those pages.

For some of the questions, limited follow up questions by the Court or the attorneys may be necessary.  If there is any question that you would rather not discuss publicly, or would only want to discuss further in private, please place a (*) by that question and/or answer.   If it is necessary to discuss that matter further with you, it will not be done in front of other jurors.

*Your completed questionnaires are strictly confidential, and will only be provided to me and the lawyers for use during the jury selection process in this case.  Do not discuss this questionnaire, or your answers to any of the questions, with anyone, including other prospective jurors, the lawyers, parties, or witnesses.*

Thank you very much for your assistance and cooperation.

Name  _____          Juror # _____


1.      Have you, or has anyone close to you, ever experienced or complained of discrimination of any kind in the workplace?  [   ] Yes   [   ] No

        If yes, please explain, including whether any complaint was formally made to management, human resources, or to a court, and the outcome.

_____

_____

_____

_____

_____

_____


2.      Have you ever experienced or witnessed discrimination based on an individual's sexual orientation, gender, or religion, whether in the workplace or elsewhere.  [   ] Yes   [   ] No

        If yes, please explain, including whether any complaint was formally made to management, human resources, or to a court, and the outcome.

_____

_____

_____

_____

_____

3.      Have you, or has anyone close to you, ever worked in an environment that was hostile or uncomfortable because of the personal, religious, or philosophical viewpoints of management or of other employees?

[ ] Yes  [  ] No.

If yes, please explain, including details regarding what caused the hostility or what caused you (or someone close to you) to feel uncomfortable.

_____

_____

_____

_____

4.

a. Have you ever experienced discomfort or unpleasantness because of another person expressing viewpoints that express disapproval of something about you?
[   ] Yes  [   ] No

If yes, please explain, including details about what caused the discomfort or unpleasantness.

_____

_____

_____

_____

_____

b.  Have you ever experienced discomfort or unpleasantness because of another person expressing viewpoints you find offensive?

[   ]  Yes   [   ]   No

If yes, please explain, including details regarding the incident(s).

_____

_____

_____

_____

_____

5.  Have you ever been given a book, pamphlet, or other written material in the workplace by a supervisor or co-worker that you found offensive?

[   ]  Yes   [   ]  No.

If yes, please explain, including details about what caused offense.

_____

_____

_____

_____

_____

6.     Are you aware of any situation in which someone has been criticized because of expressing his or her opinion, either orally, in print, or on the internet or social media?

        [  ]  Yes  [  ]  No

        If yes, please explain, including details about the particular situation.

_____

_____

_____

_____

_____


7.     Have you ever attended a march or protest, signed a petition, contributed money, volunteered time, or taken any action whatsoever regarding the issue of marriage equality or concerns of discrimination based on sexual orientation?

        [  ]  Yes  [  ]  No.

        If yes, please explain.

_____

_____

_____

_____

_____

8.    Have you had a bad or negative experience with someone who identifies as an "Evangelical Christian," or for any reason do you have unfavorable opinions of Evangelical Christians?

[  ] Yes   [  ] No

If yes, please explain.

_____

_____

_____

_____

_____

9.    This case involves former Atlanta Fire Chief Kelvin Cochran and his lawsuit against the City of Atlanta.  In 2013, Former Fire Chief Cochran wrote and self-published a book in which he discussed his religious beliefs, including beliefs about homosexual behavior, sexual activity outside a traditional marital relationship, and the role of husbands and wives in a marriage.  In 2014, the City of Atlanta learned of the book, suspended Chief Cochran, and eventually terminated his employment.

There has been publicity about this case in the news media.  There is nothing at all wrong about your having read or heard of the case, or having discussed the case, or having opinions about the case.  We simply need to know what you know or have heard about the case, and what your thoughts and opinions are.

A.    How would you describe the amount of media coverage you have seen about this case:

_____ A great deal (went out of my way to read about it and watch news accounts of it)

_____ Quite a bit (read many articles or watched television accounts)

_____ Moderate amount (just basic coverage in the news)

_____ Little (basically just heard about it)

_____ None (have not heard of case before today)

B.    Has your information about this case and anyone involved in it come from: (check all that apply):

_____ Hearing people talk about it.

_____ Newspaper(s)

_____ Television

_____ Radio

_____ Internet

_____ Social Media

C.    Please tell us what you remember hearing, seeing, or reading about the case.

_____

_____

_____

_____

_____

_____

D.     Have you written any on-line comments or posts about any aspect of this case, or read any comments made by friends on social media about an aspect of this case?
If yes, what was said by you and others?

_____

_____

_____

_____

_____

_____

E.     In addition to what you have written above, what kinds of things have you said or heard other people say about this case, or about any matters related to this case?

_____

_____

_____

_____

_____

F.    Before coming here today what were your thoughts and opinions, if any, about Former Fire Chief Kelvin Cochran or about this case?

_____

_____

_____

_____

_____

_____

## **Defendant's Additional Proposed Questions** (G & H)

G.    Before coming here today what were your thoughts and opinions, if any, about Former Mayor Kasim Reed?

_____

_____

_____

_____

_____

_____

H.   Before coming here today what were your thoughts and opinions, if any, about the City of Atlanta?

_____

_____

_____

_____

I.   Have you or has anyone that you know in any way been involved in or affected by the events in this case?  If yes, please explain.

_____

_____

_____

_____

10.   Are you for any reason familiar with the public interest law firm Alliance Defending Freedom? [   ] Yes   [   ] No   [   ] Not Sure

If yes or not sure, please write what you know or may know about Alliance Defending Freedom (ADF), including any opinions that you have.

_____

_____

_____

_____

_____

11.    Due to our beliefs or life experiences, we all have certain cases for which we would not be the most appropriate jurors. Is there any reason that you feel you would not be the most appropriate juror on a case involving the issues mentioned in this questionnaire?   If yes, please explain why.

_____

_____

_____

_____

_____

12.    Is there anything else that you think the Court or the parties should know about you, or you wish to tell them?

_____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ATTACHMENT "B-1"**
**PLAINTIFF'S VOIR DIRE QUESTIONS**

1. Do any of you know any of the attorneys for Chief Cochran, David Cortman, Kevin Theriot, Ken Connelly, Jeana Hallock, or Deborah Ausburn, or anyone who is or has been employed or represented by the public-interest law firm of Alliance Defending Freedom or the law firm of Taylor English Duma?

2. Do any of you know any of the attorneys for Defendant City of Atlanta, David Gevertz, Kathryn Hinton, or anyone who is or has been employed or represented by the firm of Baker Donelson? (or city attorney[s] attending the trial).

3. Have any of you, or has anyone close to you, ever been employed by Defendant City of Atlanta?

4. Have any of you, or has anyone close to you, ever had business dealings with Defendant City of Atlanta?

5. Do you know anyone who has ever been employed by the City of Atlanta Fire and Rescue Department?

6. Have you, or has anyone that you know, ever had any experience with the City of Atlanta Fire and Rescue Department?

7. Do you know anyone who is or has been a member of the Atlanta Firefighter's Union or any other union?

8. Do any of you know any of the following individuals, who may be witnesses in this case?

   [List of witnesses]

9. Do any of you know anyone else on the jury panel?

10. Have any of you ever worked in or applied for a job in law enforcement, as a firefighter, EMT, or first responder of any kind?

11. Have any of you ever worked for the judicial system?

12. Have any of you ever worked in the legal profession?

13. Have any of you ever worked in public relations?

14. Have any of you ever worked in the media, including for a newspaper or magazine?

15. Have any of you ever worked in the area of personnel or human resources?

16. Who has been a party to a lawsuit, that is, who has either sued another person or company, or been sued by another person or company?

17. Have you or has anyone that you know ever been involved in a lawsuit or a complaint involving allegations of a wrongful suspension or termination or any related matter?

18. Have you ever worked in a company or organization that was sued because of allegations involving wrongful termination or suspension or any related matter?

19. Some people believe that no matter what your beliefs are about issues like religion and politics, you should just keep them to yourselves and not share them in your workplace. Who agrees with that?

20. Some people believe that a plaintiff in a lawsuit should be able to recover "hard" damages – for example a loss of income, or medical or other bills, but should NOT be awarded money for more intangible things – like emotional distress, or pain and suffering.  Who here feels that way?

21. Would anyone feel even slightly reluctant to award damages for something like emotional distress or damage to a person's reputation, if in fact those allegations were proven?

22. Are any of you unwilling to believe that a person has suffered severe emotional distress just because he or she has not received professional treatment or taken prescription medications for it?

23. Who feels that a person's professional reputation is not something of value?

24. Is there anyone who feels that a person's professional reputation cannot truly be harmed unless that person has actually done something wrong?

25. Have any of you called into a radio or TV program, written a letter to the editor, or written or commented on a blog to voice your opinion on a social or political issue?

26. Have any of you worked on, volunteered with, contributed to, or supported in any way a political campaign in the city of Atlanta, the state of Georgia, or on the national level?

27. Are any of you personally acquainted with former Mayor Kasim Reed, current Mayor Keisha Lance Bottoms, or any high-level administration or cabinet officials from the city of Atlanta, and have you had any personal interactions with them, or seen them speak at community events, etc.?

28. Have any of you ever worked on, contributed to, volunteered with, or supported in any way a campaign for an issue – not a candidate but an issue – such as a referendum, an amendment, a potential bill in the legislature, etc.?

29. Have you had any political signs in your yard concerning any local elections in the city of Atlanta, the state of Georgia, or on the national level?

30. Is there anyone here who feels that when there is a lawsuit between an individual and the City of Atlanta, you would start out favoring the City of Atlanta?

31. Have any of you ever managed or supervised more than a half dozen employees?

32. If you were sitting at our table, would any of you *not* want yourself as a juror in this case?

33. Do any of you know of any reason that I have not asked you about which might prevent you from fairly trying the issues in this case?

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ATTACHMENT "B-2"**
**DEFENDANT'S VOIR DIRE QUESTIONS**

1. Do any of you know any of the attorneys for Chief Cochran, David Cortman, Kevin Theriot, Ken Connelly, Jeana Hallock, or Deborah Ausburn?

2. Do any of you know anyone who is or has been employed or represented by Alliance Defending Freedom or the law firm of Taylor English Duma?

3. Have you ever heard of Alliance Defending Freedom or any of the cases it has handled? If so, how would you describe the organization?

4. Have any of you, or has anyone close to you, ever been employed by or had business dealings with Defendant City of Atlanta? What did that consist of if so?

5. Do any of you know any of the attorneys for Defendant City of Atlanta, David Gevertz, Kathryn Hinton, Hannah Jarrells, or anyone who is or has been employed or represented by the firm of Baker Donelson?

6. Have any of you heard of the Plaintiff, Kelvin Cochran, prior to today? What have you heard and how did you hear it?

7. Do any of you know any of the following individuals, who may be witnesses in this case:

   [List of witnesses]

8. Do any of you know anyone else on the jury panel? In what capacity?

9. Have any of you heard about this case prior to coming here today?  Where did you hear it? Do you think that what you have heard already might influence your ability to be an impartial juror in this case?

10. Have any of you read the book, *Who Told You That You Were Naked?*

11. Do any of you belong to any religious organizations?

   a. If so, which ones?

   b. What religion/denomination is that organization affiliated with?

    c.  How long have you attended that organization?

    d.  Who considers themselves a devout follower of an organized religion?

    e.  Does your religion encourage or require you to proselytize or attempt to convert others?

12. Are any of you familiar with or know anyone who is a member of the Elizabeth Baptist Church?

13. Please raise your hand if you agree with the following statements:

    a.  Christians are a persecuted minority in the United States today.

    b.  Homosexual behavior is a sin.

    c.  Americans should be entitled to express their religious beliefs in the workplace.

    d.  The right to engage in free speech is more important than the need to protect against hate speech.

    e.  Sometimes the right to express your opinions and/or religious beliefs has to be restricted in order to protect equally important interests.

    f.  There can be more than one reason to fire someone.

14. This is a case that deals to some extent with the religious beliefs of Kelvin Cochran, who identifies himself as a born-again Christian and has conservative views regarding homosexuality.  Is there anyone here who

would have difficulty finding for or against Mr. Cochran in light of his religious beliefs?

15. Who here has an advanced degree - beyond college?

16. Has anyone here ever been employed by local or federal government? In what capacity and for how long?

17. Has anyone here ever been employed in law enforcement, fire safety, the military, or a similar field? When and in what capacity?

18. Have any of you ever managed employees before? When and how long?

19. Have any of you had to fire someone in the past?

20. Has anyone here ever had a bad experience with the City of Atlanta, a City of Atlanta employee, or a member of law enforcement? What happened and when? Do you think that would make it difficult for you to be an impartial juror in this case?

21. Have any of you ever sued an employer because you felt that you were wrongfully terminated, disciplined, or suffered an unlawful adverse action at work?

22. Some people believe that everyone should be able to express their religious or political beliefs wherever they are, even in the workplace. Who agrees with that?

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA and KASIM REED, | ) | |
| MAYOR, IN HIS INDIVIDUAL | ) | |
| CAPACITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT "C"
## PLAINTIFF'S OUTLINE OF THE CASE

1. **Summary of Plaintiff's Cause of Action**

   This is a constitutional action brought by Plaintiff Kelvin Cochran against

the City of Atlanta and Mayor Kasim Reed in his individual capacity, arising from

Defendants' suspension and termination of Plaintiff as Fire Chief of the Atlanta

Fire and Rescue Department.  Plaintiff wrote a book on his personal time aimed at

helping Christian men lead virtuous lives.  He self-published the book in

November 2013.  A year later Defendant suspended Plaintiff, citing a City policy

that this Court has found to be unconstitutional.  Defendants thereafter terminated Plaintiff's employment, and publicly vilified him as racist, homophobic, and sexist.

This trial will address the amount of damages the City owes Plaintiff as a result of its unconstitutional actions, specifically back pay, front pay, and compensation for lost income from speaking engagements, consulting work, book sales and the like, as well as compensation for the loss of his reputation, emotional distress, and the like.

## II. Relevant rules, regulations, statutes, ordinances and case law.

Relevant authorities include but are not limited to:

- The First and Fourteenth Amendments to the United States Constitution.

- 42 U.S.C. §§ 1983 and 1988.

- *United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454 (1995).

- *Pickering v. Board of Education*, 391 U.S. 563 (1968).

- *Alexander v. United States*, 509 U.S. 544 (1993).

- *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229 (1969).

- *Cooper v. Dillon*, 403 F.3d 1208 (11th Cir. 2005).

- *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976).

- *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963).

- *Forsyth Cty., Ga. v. Nationalist Movement*, 505 U.S. 123 (1992).

- *Liverman v. City of Petersburg*, 844 F.3d 400 (4th Cir. 2016).

- *Crue v. Aiken*, 370 F.3d 668 (7th Cir. 2004).

- *Harman v. City of New York*, 140 F.3d 111 (2d. Cir. 1998).

- *Tucker v. State of Cal. Dep't of Educ.*, 97 F.3d 1204 (9th Cir. 1996).

- *Sanjour v. E.P.A.*, 56 F.3d 85 (D.C. Cir. 1995).

- *Bloedorn v. Grube*, 631 F.3d 1218 (11th Cir. 2011).

- *Weaver v. United States Information Agency*, 87 F.3d 1429 (D.C. Cir. 1996).

- *Wolfe v. Barnhart*, 446 F.3d 1096 (10th Cir. 2006).

- *Gibson v. Office of Attorney General, State of California*, 561 F.3d 920 (9th Cir. 2009).

- *Williams v. Internal Revenue Service*, 919 F.2d 745 (D.C. Cir. 1990).

- *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000).

- *Haskins v. City of Boaz*, 822 F.2d 1014 (11th Cir. 1987).

- *Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541 (11th Cir. 1988).

- *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228 (11th Cir 2000).

- *Slicker v. Jackson*, 215 F.3d 1225 (11th Cir. 2000).

- *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468 (11th Cir. 1999).

- *Akouri v. State of Fla. Dep't of Transp.*, 408 F.3d 1338 (11th Cir. 2005).

- *Gilmere v. City of Atlanta, Ga.*, 864 F.2d 734 (11th Cir. 1989).

- *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160 (11th Cir. 2010).

- *Caban-Wheeler v. Elsea*, 71 F.3d 837 (11th Cir. 1996).

- *Lambert v. Fulton Cty., Ga.*, 253 F.3d 588 (11th Cir. 2001).

- *Murphy v. City of Flagler Beach*, 846 F.2d 1306 (11th Cir. 1988).

- *Carey v. Piphus,* 435 U.S. 247 (1978).

- *Hill v. Xerox Corp.*, 998 F. Supp. 1378 (N.D. Fla. 1998).

- *Windom v. Norfolk S. Railway Co.*, 2012 WL 6096990 (M.D. Ga. Dec. 7, 2012).

- *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979).

- *Kossman v. Calumet Cty.*, 800 F.2d 697 (7th Cir. 1986).

- *Stubbs v. Harmon*, 226 Ga. App. 631 (1997).

- All authorities cited in the Court's summary judgment order.

- All authorities relied upon by Plaintiff in its pleadings.

- All authorities relied upon by Defendant.

## III.   Damages

Plaintiff seeks damages as to the following:

A. Calculated as of April 24, 2018, front pay damages in the amount of $1,691,874 as a result of Defendant's policy and practice of applying an unconstitutional prior restraint (and exercising unbridled discretion

throughout that process) to Chief Cochran, which resulted in his
suspension and ultimately his termination as AFRD Fire Chief.  These
damages are in accord with the United States Constitution, 42 U.S.C.
§ 1983, 28 U.S.C. § 1343; *see also Haskins v. City of Boaz*, 822 F.2d
1014, 1015 (11th Cir. 1987) (per curiam); *Ramsey v. Chrysler First, Inc.*,
861 F.2d 1541, 1545 (11th Cir. 1988).

B. Calculated as of April 24, 2018, back pay damages in the amount of
$203,649 as a result of Defendant's policy and practice of applying an
unconstitutional prior restraint (and exercising unbridled discretion
throughout that process) to Chief Cochran, which resulted in his
suspension and ultimately his termination as AFRD Fire Chief. These
damages are in accord with the United States Constitution, 42 U.S.C. §
1983, 28 U.S.C. § 1343; *see also Brown v. Ala. Dept. of Transp.*, 597
F.3d 1160 (11th Cir. 2010); *Gryder v. Dennin*, 427 F. App'x 844 (11th
Cir. 2011); *Akouri v. Florida Dep't of Transp.*, 408 F.3d 1338 (11th Cir.
2005); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348 (11th Cir.
2000); *Hartley v. Dillards, Inc.*, 310 F.3d 1054, 1062 (8th Cir. 2002);
*United States v. Lee Way Motor Freight, Inc*., 625 F.2d 918, 945 (10th
Cir. 1979); *Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549 (11th Cir.
1983).

C. Compensatory damages, in an amount to be determined by the
enlightened conscience of the jury, for loss of income related to speaking
engagements, consulting work, book sales, and the like, as well as
compensation for the loss of reputation, humiliation, emotional and
mental suffering and distress, inconvenience, and compensation for costs
associated with finding new employment.  These damages are in accord
with the United States Constitution, 42 U.S.C. § 1983, 28 U.S.C. § 1343;
*see also Carey v. Piphus*, 435 U.S. 247, 263–64 (1978); *Slicker v.
Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000); *Jackson v. Sauls,* 206
F.3d 1156, 1168 (11th Cir. 2000); *Ferrill v. Parker Grp., Inc.*, 168 F.3d
468, 476 (11th Cir. 1999); *Akouri v. State of Fla. Dep't of Transp.*, 408
F.3d 1338, 1345 (11th Cir. 2005); *Gilmere v. City of Atlanta, Ga.*, 864
F.2d 734, 738 (11th Cir. 1989); *Stubbs v. Harmon*, 226 Ga. App. 631,
633 (1997).

D.  Pre-judgment interest in an amount to be determined by the Court.  *See Hembree v. Ga. Power Co.*, 637 F.2d 423 (11th Cir. 1981); *Lyons v. Georgia-Pac. Corp. Salaried Employees Ret. Plan*, 196 F. Supp. 2d 1260 (N.D. Ga. 2002); *Malta Const. Co. v. Henningson, Durham & Richardson, Inc.*, 716 F. Supp. 1466, 1469 (N.D. Ga. 1989); Ga. Code Ann. § 7-4-15; Ga. Code Ann. § 13-6-13; Ga. Code Ann. § 51-12-14; Ga. Code Ann. § 7-4-12; Ga. Code Ann. § 7-4-16.

E.  Post-judgment interest on any money judgment, pursuant to 28 U.S.C. § 1961.

## IV.   Attorneys' Fees and Costs

Plaintiff anticipates submitting a petition for reasonable attorney's fees and costs after trial, in the event that the parties cannot resolve the matter themselves. If a petition and briefing as to attorneys' fees and costs prove necessary, the Court will determine the amount due Plaintiff at that time. *See* 42 U.S.C. §§ 1983, 1988, and 2000e-5(k).  Plaintiff will continue to incur additional fees and costs through trial and until the matter is finally resolved.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ATTACHMENT "D"**
**DEFENDANT'S OUTLINE OF THE CASE**

## I.  Factual Summary of Case

Plaintiff's claims in this lawsuit arise from the termination of his employment as the City's Fire Chief by Defendant City of Atlanta in January 2015. Plaintiff alleged that he was suspended and then terminated by the City because of the religious beliefs he expressed in his self-published book entitled *Who Told You That You Were Naked?*, and that this constituted unlawful retaliation in violation of the First Amendment.  In the alternative, he alleged that the City suspended and then terminated him because of his violation of the City's Ethics Code, which required all

employees to obtain prior approval prior to taking on outside employment. He further alleged that this was unlawful, as the City's pre-approval requirements were an unconstitutional undue restraint under the First Amendment.

In fact, the City suspended Plaintiff for failing to gain approval from its Ethics Office *and* in order to investigate whether Plaintiff improperly imposed his religious views in the workplace without him present. It later fired Plaintiff after he violated the terms of his suspension by publicly asserting that he was suspended for his religious beliefs, which irreparably damaged his relationship with the Mayor, and because it believed Plaintiff's publication and distribution of his book demonstrably eroded his subordinates' trust in his ability to lead the Atlanta Fire Rescue Department in an even-handed manner.

At summary judgment, this Court found that the City's suspension and termination of Plaintiff did not constitute unlawful retaliation under the First Amendment. In so holding, the Court concluded that, even if the City suspended and/or terminated Plaintiff based on the content of his book, "Plaintiff's speech caused such an actual and possible disruption that it does not warrant First Amendment protection in the workplace." However, it also held that the City's pre-approval requirements were unconstitutionally overbroad.

Accordingly, the question now before the jury is whether Plaintiff suffered damages -- and if so, in what amount -- as a result of the City's consideration of the pre-approval requirements when deciding to suspend and then terminate his employment. The City contends that Plaintiff is not entitled to any compensatory/actual damages, but only nominal damages, because he cannot establish that the City's reliance upon the pre-approval requirements caused him any additional harm. Instead, as outlined above, the City based the suspension and termination decisions on a variety of other factors, such that it would have made the same decisions even in the absence of the pre-approval requirements.

Alternatively, even if Plaintiff is entitled to damages associated with his termination, those damages are significantly diminished by the fact that he would only have remained employed as Fire Chief until the new Mayor took office in or around early 2018.

## II. Relevant rules, regulations, statutes, ordinances and case law.

Relevant authorities include but are not limited to:

- The First and Fourteenth Amendments to the United States Constitution.

- 42 U.S.C. §§ 1983 and 1988.

- *Jackson v. Sauls*, 206 F.3d 1156 (11th Cir. 2000)

- *Carey v. Piphus*, 435 U.S. 247 (1978)

- *Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986)

- *Pesek v. City of Brunswick*, 794 F. Supp. 768 (N.D. Oh. 1992)

- *Pattee v. Ga. Ports Auth.*, 512 F. Supp. 2d 1372 (S.D. Ga. 2007)

- *EEOC v. W&O, Inc.,* 213 F.3d 600 (11th Cir. 2000)

- *EEOC v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998)

- *Hudson v. Chertoff*, 473 F.Supp.2d 1292 (S.D. Fla. Feb. 12, 2007)

- *Tenn. v. Mass. Dep't of Revenue*, 944 F.2d 372 (7th Cir. 1991)

- *Hybert v. Hearst Corp.*, 900 F.2d 1050 (7th Cir. 1990)

- *Snow v. Pillsbury Co.*, 650 F. Supp. 299 (D. Minn. Aug. 11, 1986)

- All authorities cited in the Court's summary judgment order.

- All authorities relied upon by the parties in prior filings.

- All authorities relied upon by Plaintiff.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ATTACHMENT "E"
## FACTS STIPULATED TO BY THE PARTIES

1.  From the time Chief Cochran's book was published in late November 2013 until late 2014, the Mayor's Office received no complaints about the book, including from any member of the AFRD.

2.  Chief Cochran was suspended for 30 days at a meeting held on November 24, 2014.

3.  Defendant terminated Cochran at a meeting held on January 6, 2015, the day his unpaid suspension ended.

4.  On December 20, 2017, the Court found that the City's pre-clearance policies were unconstitutional.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA and KASIM REED, | ) | |
| MAYOR, IN HIS INDIVIDUAL | ) | |
| CAPACITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ATTACHMENT "F-1"
### PLAINTIFF'S LIST OF WITNESSES

Plaintiff Kelvin Cochran will call the following witnesses at trial:

1. Kelvin Cochran
   c/o Alliance Defending Freedom
   1000 Hurricane Shoals Road, NE
   Suite D1100
   Lawrenceville, GA  30043

2. Francis W. Rushing, Ph.D.
   P.O. Box 328
   Madison, GA 30650

   Dr. Rushing will testify regarding his analysis of the economic losses that Kelvin J. Cochran incurred as a result of his suspension and termination from the Atlanta Fire and Rescue Department.  He will testify regarding the contents of any reports that he has prepared for this litigation,

including his reports dated February 15, 2016, May 18, 2016, and April 24, 2018.  He will also testify regarding his rebuttal of the reports of Howard A. Zandman.

3. Janet Ward
   c/o City of Atlanta

4. Kasim Reed
   c/o City of Atlanta

5. Yvonne Yancy
   3242 Peachtree Road NE, Unit 903
   Atlanta, GA 30305

6. Melissa Mullinax
   c/o City of Atlanta

7. Anne Torres
   Torres Communications Management, LLC
   2081 Bellrick Road NW
   Atlanta, GA 30318

Plaintiff Kelvin Cochran may call the following witnesses at trial:

1. Carolyn Cochran
   c/o Alliance Defending Freedom
   1000 Hurricane Shoals Road, NE
   Suite D1100
   Lawrenceville, GA  30043

2. Stephen Borders
   1001 Allgood Road
   Marietta, GA 30062

3. Alex Wan
   Horizons Atlanta
   177 North Ave NW

3rd Floor, Suite 11
Atlanta, GA 30332

4.  Candace Byrd
    c/o City of Atlanta

5.  Katrina Taylor-Parks
    c/o City of Atlanta

6.  Nina Hickson
    c/o City of Atlanta

7.  Robin Shahar
    c/o City of Atlanta

8.  Michael Geisler
    4441 Ripple Valley View SE
    Atlanta, GA

9.  Former Deputy Chief Wilmond Meadows
    1788 Glenaire Court
    Atlanta, GA 30316

10. Doug Hall
    Fire Chief, Westminster Fire Department
    9110 Yates St.
    Westminster, CO 80031

11. Matt Nelson
    Battalion Chief, Training and Safety
    Emergency Operations Division
    Plano Fire-Rescue
    4125 W. Parker Rd.
    Plano, TX 75093

12. Jonathan D. Hart
    Maryland Fire and Rescue Institute
    Special Programs Section

4500 Paint Branch Parkway
College Park, MD, 20742

13. Ret. Fire Chief Richard Bowers
6550 Saxony Ct
Frederick, MD 21701

14. Joseph Shoemaker
City of Atlanta Fire Rescue Department
226 Peachtree Street, SW
Atlanta, GA 30303

15. Ret. Battalion Chief Lawrence Schwarz
14770 Pristine Drive,
Colorado Springs, CO 80921

16. Ret. Battalion Chief Walter Parker
4120 Ashland Circle
Douglasville, GA 30135

17. Billy Shoemaker
418 Lancelot Trail
McDonough, GA 30352

18. Ed Elliott
2840 Wesley Road
Chesapeake, VA 23323

19. Mike Griffin
1686 Mount Hebron Road
Hartwell, GA 30643

20. Gerald Harris
2253 Vinings Cove SE
Smyrna, GA 30080

21. Bernard Coxton
229 Peachtree Street #100

Atlanta, GA 30303

22. Ollie Tyler
    Mayor of Shreveport
    505 Travis Street, Suite 200
    Shreveport, LA 71101

23. Bryan Hastings
    Seattle Fire Department
    301 2nd Ave S.
    Seattle, WA 98104

24. Thomas Veal
    Orange County Fire Department
    343 West Canton Ave.
    Winter Park, FL 32789

25. George Turner
    Philips Arena
    1 Philips Drive
    Atlanta, GA 30303

Plaintiff reserves the right to call any witness listed on Defendant's witness list or identified in Defendants' initial disclosures or other discovery responses.

Plaintiff reserves the right to call impeachment and rebuttal witnesses as necessary.

Plaintiff reserves the right to amend or supplement his witness list as necessary to the extent permitted by the court.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kelvin J. Cochran )<br><br>Plaintiff, )<br><br>v. )<br><br>THE CITY OF ATLANTA, )<br>GEORGIA, )<br><br>Defendant. ) | CIVIL ACTION FILE<br>NO.  1:15-cv-00477-LMM |

## ATTACHMENT "F-2"
## DEFENDANT'S LIST OF WITNESSES

Defendant will call the following witnesses at trial:

1. Kelvin Cochran
   c/o Plaintiff's counsel

2. Former Mayor Kasim Reed
   c/o Defendant's counsel only

3. Howard Zandman
   Aprio, LLP
   Five Concourse Parkway, Suite 1000
   Atlanta, GA

Mr. Zandman will testify regarding his analysis of the economic losses
that Kelvin J. Cochran incurred as a result of his suspension and
termination from the Atlanta Fire and Rescue Department. He will testify
regarding the contents of any reports that he has prepared for this
litigation, including his reports dated April 19, 2016, April 29, 2018, and
June 6, 2018.  He will also testify regarding his rebuttal of the reports of
Dr. Rushing.

Defendant may call the following witnesses at trial:

1. Yvonne Yancy
   c/o Defendant's counsel only

2. Anne Torres
   c/o Defendant's counsel only

3. Alex Wan
   c/o Defendant's counsel only

4. Candace Byrd
   c/o Defendant's counsel only

5. Stephen Borders

   1001 Allgood Road
   Marietta, GA 30062

6. AFRD Lt. Victor Bennett
   vbennett@atlantaga.gov

7. Nina Hickson
   c/o Defendant's counsel only

8. Robin Shahar
   c/o City of Atlanta

9.  Deputy Chief Chad Jones
    c/o Defendant's counsel only

10. Assistant Chief Christopher Wessels
    c/o Defendant's counsel only

11. Battalion Chief Stephen Hill
    c/o Defendant's counsel only

12. Former Fire Chief Joel Baker
    c/o Defendant's counsel only


Defendant reserves the right to call any witness listed on Plaintiff's witness list or identified in Plaintiff's initial disclosures or other discovery responses.

Defendant reserves the right to call impeachment and rebuttal witnesses as necessary.

Defendant reserves the right to amend or supplement its witness list as necessary to the extent permitted by the court.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Kelvin J. Cochran                    )
                                     )
Plaintiff,                           )
                                     )   CIVIL ACTION FILE
v.                                   )   NO.  1:15-cv-00477-LMM
                                     )
THE CITY OF ATLANTA,                 )
GEORGIA and KASIM REED,              )
MAYOR, IN HIS INDIVIDUAL             )
CAPACITY, et al.                     )
                                     )
Defendants.                          )

**ATTACHMENT "G-1"**
**PLAINTIFF'S LIST OF EXHIBITS**

Plaintiff anticipates utilizing the following exhibits at trial:

| Admitted | Ex. No. | Description | Def's Objections |
|---|---|---|---|
|  | 1 | Curriculum vitae of Francis W. Rushing [PL2953-2988] |  |
|  | 2 | Curriculum vitae of Kelvin Cochran [PL2927-2933] |  |
|  | 3 | 2015 projected earnings chart prepared by Rushing [PL2952] | FRE 701, 702, 703, 901 |
|  | 4 | City of Atlanta Compensation for Kelvin Cochran [PL457-59] |  |

| | 5 | City of Atlanta Office of Employment letter to Cochran dated 11/16/07 [ECF No. 107-51; COA Cochran 46] | |
|---|---|---|---|
| | 6 | City of Atlanta HR letter to Cochran dated 6/9/10 re offer of employment as fire chief [COA Cochran 10] | |
| | 7 | City of Atlanta Job Classification Specification for Fire Chief [COA Cochran 2009-12] | |
| | 8 | Chief Cochran's tax return from 2010 [PL1-104] | |
| | 9 | Chief Cochran's tax return from 2011 [PL106-175] | |
| | 10 | Chief Cochran's tax return from 2012 [PL177-263] | |
| | 11 | Chief Cochran's tax return from 2013 [PL265-346] | |
| | 12 | Chief Cochran's tax return from 2014 [Pl348-428] | |
| | 13 | Chief Cochran's tax return from 2015 [PL2345-2461] | |
| | 14 | Chief Cochran's tax return from 2016 [PL2884-2926] | |
| | 15 | Chief Cochran's tax return from 2017 [PL3036-3077] | |
| | 16 | Chief Cochran's W-2 forms from the City of Atlanta from 2010-2014 [PL105, 176, 264, 347, 429] | |
| | 17 | Chief Cochran's W-2 forms from Elizabeth Baptist Church from 2015-2016 [PL456, 3087] | |
| | 18 | Cochran's City of Atlanta Personnel File [COA Cochran 1-103] | FRE 401 |
| | 19 | Summary Plan Description for City of Atlanta Firefighters Pension Plan [PL1555-1583; COA Cochran 2474-2502] | |

| | 20 | AFRD Disciplinary and Employee Manual [COA Cochran 1030-1208] | |
| | 21 | 2008-2015 Financial Disclosure Statements [COA-Cochran 2284-2311] | FRE 401 |
| | 22 | Public Protection Classification Summary Report dated June 2012 [COA Cochran 707-882] | FRE 401, 403 |
| | 23 | Public Protection Classification Summary Report dated December 2013 [COA Cochran 1370-1403] | FRE 401, 403 |
| | 24 | Public Protection Classification Summary Report, Insurance Services Office dated July 2014 [COA 1404-1427] | FRE 401, 403 |
| | 25 | Public Protection Classification Summary Report, Insurance Services Office, Sept. 18, 2015 [COA-Cochran 1428-52] | FRE 401, 403 |
| | 26 | AFRD Training Catalog for Calendar Year 2013 [COA Cochran 796-824] | FRE 401, 403 |
| | 27 | AFRD Strategic Plan for FY2014-2018 [COA Cochran 825-882] | |
| | 28 | AFRD Department Overview for FY 11 [COA Cochran 2013-18] | |
| | 29 | Atlanta Fire-Rescue Department Doctrine [PL2493-2503] | |
| | 30 | Employee Handbook, Department of Human Resources dated November 2010 [COA Cochran 508-533] | |
| | 31 | AFRD Organizational Charts as of 1/28/14 [COA Cochran 534-706] | |
| | 32 | AFRD Re-Accreditation Report for July 2014 [COA Cochran 2029-2077] | |
| | 33 | 2014 Proposed Personnel Actions Re Reaccreditation [COA Cochran 2316-17] | |
| | 34 | Letter from Center for Public Safety Excellence to Chief Cochran re: accreditation deferral and | FRE 802, 901 |

| | | | |
|---|---|---|---|
| | | response to deferral dated 4/1/14 [COA-Cochran 1993]) | |
| | 35 | Center for Public Safety Excellence Re-Accreditation Follow Up Briefing dated 2/6/14 [COA Cochran 2369-73] | |
| | 36 | Center for Public Safety Excellence Re-Accreditation Workshop dated 1/27/14 [PL2280-92] | |
| | 37 | Documents produced by Shreveport Fire Department [Shreveport 1-18] | FRE 401 [as to Shreveport 1-5] |
| | 38 | City of Atlanta certified copy of communication by Mayor Franklin appointing Cochran to serve as Fire Chief [COA Cochran 2078-2090] | |
| | 39 | Letter dated 11/19/07 from Mayor Franklin to City Council nominating Cochran [COA Cochran 1995] | |
| | 40 | City of Atlanta certified copy of communication by Mayor Reed appointing Cochran to serve as Fire Chief [COA Cochran 2091-2114] | |
| | 41 | Letter dated 7/16/10 from Mayor Reed to City Council appointing Cochran [COA Cochran 2007] | |
| | 42 | Transcript of US Senate nomination hearing of Cochran for US Fire Administrator [PL2267-2279] | FRE 401, 403, 801-03, 901 |
| | 43 | Mayor Reed 2014 State of the City Address [COA Cochran 3842-49] | FRE 401, 403, 801-03, 901 |
| | 44 | Mayor Reed Annual State of the City Address [COA Cochran 3830-3841] | FRE 401, 403, 801-03, 901 |

| | 45 | Mayor Reed 2012 State of the City Address [COA Cochran 3820-29] | FRE 401, 403, 801-03, 901 |
|---|---|---|---|
| | 46 | City Press Release dated 1/13/15 re: Release of Law Department's Investigative Report [COA-EMAIL 4147-49] | FRE 801-03, 901 |
| | 47 | Email from Mullinax to Torres dated 1/13/15 providing press release re investigative report [COA-EMAIL 4208-10] | FRE 801-03, 901 |
| | 48 | City of Atlanta Law Department Investigative Report [ECF No. 107-11; COA Cochran 2278-82] | |
| | 49 | Video of Mayor Reed's Press Conference Re: Termination of Chief Cochran [COA Cochran 507] | FRE 901 |
| | 50 | Facebook posts from Mayor Reed's page [ECF No. 107-8] | FRE 901, FRE 801-03 |
| | 51 | Atlanta City Councilmember Alex Wan press release dated 1/6/15 re termination of Cochran [COA Cochran 1749] | FRE 401, 403, 801-03, 901 |
| | 52 | Kelvin Cochran's book "Who Told You That You Were Naked?"[ECF No. 107-9] | |
| | 53 | Letter dated 12/22/14 to Mayor Reed from Anti-Defamation League [ECF No. 107-10; COA-EMAIL 4165-66] | FRE 901, 801-03 |
| | 54 | Emails from Torres re official statement to media re termination of Fire Chief [COA-EMAIL 3920-3923; 3986-87; 4001-02; 4005-06; 4125-26; 4160-63] | FRE 701, 901, 801-03 |
| | 55 | Email from Torres to media re suspension of Cochran [COA-EMAIL 3960, 4085, 4186-87] | FRE 701, 901, 801-03 |
| | 56 | Emails discussing City response and suggested Tweets and Facebook posts re Cochran termination [COA-EMAIL 3964-67, 3989, 4064-65, 4087-88, 4172-73, 4262] | FRE 401, 403, 801-03, 901 |

| | 57 | Torres emails to the press [COA-EMAIL 4073-77, 4157-58] | FRE 701, 901, 801-03 |
|---|---|---|---|
| | 58 | Mullinax email re City's public efforts to support Cochran termination [COA-EMAIL 4089] | FRE 401, 403, 701, 801-03 |
| | 59 | Mullinax email re ideas for City press conference [COA-EMAIL 4188] | FRE 401, 403, 701, 801-03 |
| | 60 | Email re LGBT support for Mayor Reed's termination of Cochran [COA-EMAIL 3943-44] | FRE 401, 403, 701, 801-03 |
| | 61 | Email between Ward and Winger dated 2/4/15 [ECF No. 107-13; COA Cochran 4147] | FRE 401, 403, 701, 801-03 |
| | 62 | Email from Ward to Cochran dated 11/25/15 [ECF No. 107-14; COA Cochran 3921] | FRE 401, 403, 701, 801-03 |
| | 63 | Email from Ward dated 1/6/15 [ECF No. 107-16; COA Cochran 3936-37] | FRE 401, 403, 801-03 |
| | 64 | News Release sent to Mullinax on 1/13/15 [ECF No. 107-18; COA-EMAIL 4147-49] | FRE 801-03, 901 |
| | 65 | Email from Thompson to Shahar dated 11/23/14 [ECF No. 107-19; COA Cochran 2408-09] | FRE 801-03 |
| | 66 | Email from Torres to Ohlheiser dated 11/26/17 [ECF No. 107-20; COA-EMAIL 4157-58] | FRE 701, 801-03 |
| | 67 | Email from Torres to Hennie dated 1/9/15 [ECF No. 107-21] | FRE 401, 403, 701, 801-03 |
| | 68 | Email from Torres to Leslie dated 1/6/15 [ECF No. 107-22; COA-EMAIL 4083-84] | FRE 401, 403, 701, 801-03 |
| | 69 | Email from Torres to Reichard dated 1/7/15 [ECF No. 107-23; COA-EMAIL 4125-26] | FRE 401, 403, 701, 801-03 |

| | 70 | Email from Torres to Mullinax dated 1/13/15 [ECF No. 107-24; COA-EMAIL 4262] | FRE 401, 403, 701, 801-03 |
|---|---|---|---|
| | 71 | Email from Garland to Torres dated 1/23/15 [ECF No. 107-25; COA-EMAIL 3983-85] | FRE 401, 403, 701, 801-03 |
| | 72 | Email from Torres to Solomon dated 2/17/15 [ECF No. 107-26; COA-EMAIL 4305-06] | FRE 401, 403, 701, 801-03 |
| | 73 | Email from Torres to Blau dated 2/18/15 [ECF No. 107-27; COA-EMAIL 4405] | FRE 401, 403, 701, 801-03 |
| | 74 | Email from Torres to Margolin dated 2/19/15 [ECF No. 107-28; COA-EMAIL 4110-11] | FRE 401, 403, 701, 801-03 |
| | 75 | Email from Torres to Keenan dated 3/3/15 [ECF No. 107-29; COA-EMAIL 4018-19] | FRE 401, 403, 701, 801-03 |
| | 76 | Email from Mullinax to Binns dated 1/13/15 [ECF No. 107-30; COA-EMAIL 4172-73] | FRE 401, 403, 801-03 |
| | 77 | Email from Mullinax to Driebe dated 1/13/15 [ECF No. 107-31; COA-EMAIL 4275-76] | FRE 401, 403, 801-03 |
| | 78 | Email from Mullinax to Zellner dated 1/13/15 [ECF No. 107-32; COA-EMAIL 4064-65] | FRE 401, 403, 801-03 |
| | 79 | Email from Govus to Mullinax dated 1/13/15 [ECF No. 107-33; COA-EMAIL 3966-67] | FRE 401, 403, 801-03 |
| | 80 | Emails from Shahar dated 11/24/14 [ECF No. 143-4; COA Cochran 2414-16] | FRE 801-03 |
| | 81 | Emails from Torres dated 11/25/14 [ECF No. 143-5; COA-EMAIL 4186-87] | FRE 401, 403, 701, 801-03 |
| | 82 | NewsRoom posts dated 4/21/16 [ECF No. 143-20] | FRE 801-03, 901 |
| | 83 | Email from Shahar dated 2/23/15 [ECF No. 149-2; COA Cochran 2374-75] | FRE 401, 403, 801-03 |

| | 84 | 3G Publishing invoices and royalty statement [ECF No. 149-10; PL2874-83] | |
| --- | --- | --- | --- |
| | 85 | Emails re speaking engagements/opportunities for Cochran [COA Cochran 3877-81; 3886-90] | FRE 401, 403, 801-03, 901 |
| | 86 | Emails between Cochran and Chief Hastings re potential job opportunities [COA Cochran 3882-84] | FRE 401, 403, 801-03, 901 |
| | 87 | Emails re Shreveport job opportunity [COA Cochran 3891-3909] | FRE 401, 403, 801-03 |
| | 88 | Email from Janet Ward to Cochran re support [COA Cochran 3921] | FRE 401, 403 |
| | 89 | City of Westminster (Doug Hall) email dated 11/25/14 cancelling training program [COA Cochran 2432-33] | |
| | 90 | Email from Pat Laurienti of Adams County Fire Rescue dated 11/25/14 cancelling training seminar [COA Cochran 2432-33] | |
| | 91 | Email from Thomas Veal of Orange County Fire Rescue dated 11/25/14 re cancelling leadership seminar [COA Cochran 2432-33] | |
| | 92 | 2015 emails after Cochran left re AFRD climate survey [COA-EMAIL 26181-82] | FRE 401, 403, 801-03 |
| | 93 | Emails exchanged with Torres and Shahar re media and book investigation [COA Cochran 2414-16] | FRE 401, 403, 701, 801-03 |
| | 94 | Emails between Park City Fire Dept (Bob Evans) and Cochran re training sessions [COA Cochran 2432-33] | |
| | 95 | Emails between Cindy Thompson and Robin Shahar re: Cochran investigation [COA Cochran 2394-95] | |

| | | | |
|---|---|---|---|
| | 96 | Board of Ethics documents re Cochran's request for outside employment dated 2008 [COA-Cochran 1616-1621] | |
| | 97 | Email from Jonathan Hart of Maryland Fire & Rescue to Cochran re 2015 Staff and Command [COA Cochran 2432-33] | |
| | 98 | Email from Cliff McCollum, Fire Chief of Pierce County Fire District 13, Washington to Kelvin Cochran on November 25 [PL 1837-38] | FRE 801-03 |
| | 99 | Email from Terry Lewis, Retired Fire Fighter from Shreveport who was an officer at the training academy under Kelvin, sent 11/25/14 [PL 1840] | FRE 401, 403, 801-03 |
| | 100 | Email to Gerald Harris re: article for The Christian Index on 12/5/14 [PL 1862] | |
| | 101 | Email to Ed Elliott from Mike Griffin dated 12/12/14 Fwd to Cochran Re: Plan Cochran confidential [PL 1901-04] | |
| | 102 | Emails between Ed Elliott and Cochran dated 12/13/14 re Facebook posting review and update [PL 1905-17] | |
| | 103 | Email from Ollie Tyler to Cochran dated 12/15/14 [PL 1922] | FRE 401, 403, 801-03 |
| | 104 | Email from Cochran to Ollie Tyler dated 12/15/14 [PL 1923] | FRE 401, 403, 801-03 |
| | 105 | Email from Ollie Tyler to Cochran dated 12/15/14 [PL 1929] | FRE 401, 403, 801-03 |
| | 106 | Email from Mike Griffin dated 12/15/14 re press release [PL 1932-37] | FRE 701, 801-03 |
| | 107 | Email from Mike Griffin dated 12/15/14 re letter to GBC pastors and churches [PL 1938-39] | FRE 701, 801-03 |
| | 108 | Email from Cochran to Mike Griffin dated 12/16/14 re: pastor and churches letter [PL 1940-42] | FRE 701, 801-03 |

| | 109 | Email from Mike Griffin dated 12/12/14 re: Public Affairs Committee Statement [PL 1881-84] | FRE 403, 701, 801-03 |
|---|---|---|---|
| | 110 | Email from Mike Griffin dated 12/12/14 Re: Plan: Cochran Confidential [PL 1885-88] | |
| | 111 | Email from Cochran to Mike Griffin dated 12/17/14 re testimony [PL 1944] | |
| | 112 | Email from Mike Griffin to Cochran dated 12/17/14 re testimony [PL 1945-46] | |
| | 113 | Email from Mike Griffin dated 12/18/14 re: Faith & Freedom Coalition action alert [PL 1950-51] | FRE 701, 801-03 |
| | 114 | Email from Rod Hampton dated 12/17/14 re exec comm meeting [PL 1947-49] | |
| | 115 | Email from Cochran to Griffin dated 12/18/14 re action alert [PL 1952-53] | FRE 701, 801-03 |
| | 116 | Email from Brad Whitt to Cochran dated 12/15/14 re speaking request [PL1943] | |
| | 117 | Email exchange with Bob Evans, Battalion Chief, Training, Park City Fire Department to Cochran Atlanta inbox re: training event, including honorarium dated 11/24/14 [COA Cochran 2432-33] | |
| | 118 | Email exchange with Matt Nelson, Battalion Chief of Plano, Texas dated 11/17 – 24/14 [COA Cochran 3886-90] | FRE 401, 801-03 |
| | 119 | Email to Ollie Tyler dated 11/24/14 [COA Cochran 3894-3909] | FRE 401, 403 |
| | 120 | Email from Roy Rangel dated 11/24/14 re support [COA Cochran 3911] | FRE 701, 801-03 |
| | 121 | Email from Sharon Holt dated 11/25/14 re support [COA Cochran 3912] | FRE 701, 801-03 |
| | 122 | Email to Janet Ward from GA Voice dated 11/24/14 asking about Cochran's book [COA Cochran 3876] | |

| | 123 | International Association of Fire Chiefs invitation for FRI 2015 [COA Cochran 3877-3878] | FRE 401, 403 |
|---|---|---|---|
| | 124 | Email exchange with Chiefs in Seattle [COA Cochran 3882-84] | FRE 401, 403 |
| | 125 | Emails from Jonathan D. Hart, Maryland Fire and Rescue Institute dated 9/3/14 trying to schedule event for March of 2015 [COA Cochran 2432-33] | |
| | 126 | Baltimore, MD speaking event blocked out on calendar [COA Cochran 196-197] | FRE 401, 403 |
| | 127 | Calendar Mar 23-24 speaking event Staff and Command [COA Cochran 223-24] | FRE 401, 403 |
| | 128 | Emails with Yolanda Duckworth re: speaker at Men's health event [COA Cochran 3879-81] | FRE 401, 403 |
| | 129 | Email from Robin Shahar to Lee Schreter January 8, 2015 with news clips [COA Cochran 2380-86] | FRE 401, 403, 701, 801-03 |
| | 130 | Email from Cindy Thompson to Robin Shahar dated 1/6/15 [COA Cochran 2394-95] | FRE 403 |
| | 131 | Email exchange with Shahar, Torres and others on date of suspension re: media [COA Cochran 2414–16 | FRE 401, 403, 701, 801-03 |
| | 132 | Email to ADL from Robin Shahar and Melissa Mullinax soliciting input on book [COA-EMAIL 4390] | FRE 401, 403 |
| | 133 | Email chain involving Shahar, Baker and Yancy concerning climate survey results [COA-EMAIL 26181] | FRE 401, 403 |
| | 134 | Email from Billy Shoemaker to Chief Cochran, Oct. 9, 2012 [COA Cochran 2432-33] | FRE 401, 403 |
| | 135 | Email from Joseph Shoemaker to Chief Cochran, Aug. 8, 2012 [COA Cochran 2432-33] | FRE 401, 403 |
| | 136 | Email from Billy Shoemaker to Cochran re son [COA Cochran 2432-33] | FRE 401, 403 |

| | 137 | Emails between Cochran and Joey Shoemaker [COA Cochran 2432-33] | FRE 401, 403 |
| | 138 | 8/2/12 Email from Deaderick to Cochran re FF Shoemaker and Chick-Fil-A incident [ECF No. 105-14; COA Cochran 3708] | |
| | 139 | Chick-fil-a photo [COA Cochran 3719] | |
| | 140 | Email from Yancy responding to Michael Pitcher, President and CEO LeasePlan USA on termination of fire chief [COA-EMAIL 128-133] | FRE 401, 403, 801-03 |
| | 141 | State of Georgia, Department of Labor Separation Notice re Cochran [COA Cochran 02] | FRE 401, 403, 801-03 |
| | 142 | News Release sent to Mullinax on 1/13/15 re Law Department's Investigative Report [COA-EMAIL 4147-49] | FRE 401, 403, 801-03, 901 |
| | 143 | Emails between City Law Department and Borders re scheduling interview [COA Cochran 4194-96] | |
| | 144 | 11/24/14 letter from Board of Ethics to Borders re complaint against Cochran [COA-EMAIL 3838-39] | FRE 401, 403 |
| | 145 | Emails with Borders re scheduling meeting with Cochran [COA Cochran 4170-71] | FRE 401, 403 |
| | 146 | Hickson email dated 1/13/15 to Fox News with investigative report [COA EMAIL 3825] | FRE 401, 403 |
| | 147 | Hickson emails to board members dated 11/24/14 re Cochran suspension and 1/6/15 to re Cochran termination [COA EMAIL 3852] | FRE 401, 403 |
| | 148 | Hickson email to board members dated 11/24/14 re Cochran suspension [COA EMAIL 371] | FRE 106, 401, 403 |
| | 149 | Hickson email dated 11/24/14 re her notes about conversations with Cochran [COA-EMAIL 369] | FRE 106 |
| | 150 | Hickson emails re ethics advice given to Cochran [COA-EMAIL 361-62] | |

| | 151 | Email to Hickson dated 1/12/15 re talking to Fox News about Cochran [COA-EMAIL 3824] | FRE 401, 403, 801-03 |
|---|---|---|---|
| | 152 | Geisler email dated 1/10/15 re: release of investigative report and termination of Cochran [COA-EMAIL 3806] | FRE 401, 403 |
| | 153 | Email to Geisler dated 3/3/15 re climate survey comments [COA-EMAIL 3803] | FRE 106, 401, 403 |
| | 154 | Geisler email dated 1/18/15 re Hanz Utz article about Cochran [COA-EMAIL 3801-02] | FRE 401, 403, 801-03 |
| | 155 | Torres email to Geisler dated 11/24/14 re Mayor's statement on Cochran [COA-EMAIL 3812] | |
| | 156 | Email to Geisler dated 11/24/14 re interim fire chief Baker [COA-EMAIL 26230] | |
| | 157 | Email to Taylor-Parks dated 1/15/15 with copy of Decaturish article by Hanz Utz [COA-EMAIL 4432-34] | FRE 401, 403, 801-03, 901 |
| | 158 | Email to Taylor-Parks dated 11/24/14 with copy of Georgia Voice article about suspension of Cochran [COA-EMAIL 4440-43] | FRE 401, 403, 801-03, 901 |
| | 159 | Email to Taylor-Parks dated 12/1/14 re Mayor meeting with Christian group [COA-EMAIL 4437] | FRE 401, 403 |
| | 160 | Mullinax email to Ward dated 1/6/15 re official statement on termination of Cochran [COA Cochran 3936-37] | |
| | 161 | Ward email dated 11/24/14 re Statement on Cochran [COA Cochran 3919] | FRE 401, 403 |
| | 162 | Ward emails dated 11/24/14 re Cochran suspension [COA Cochran 3917-18] | FRE 401, 403 |
| | 163 | Ward email to Cochran dated 11/24/14 re Anne [COA Cochran 3916] | FRE 401, 403 |
| | 164 | Ward email to Cochran dated 11/25/14 re her support for him [COA Cochran 3920] | FRE 401, 403 |

| | | | |
|---|---|---|---|
| | 165 | Emails containing News Clips 2-9-14 [COA-EMAIL 3762-78] | FRE 401, 403, 701, 801-03, 901 |
| | 166 | Email from Winger to Ward dated 2/4/15 re Cochran's termination [COA Cochran 4147] | |
| | 167 | Email to Shahar dated 2/26/15 re rainbow sidewalks and Mayor's solidarity with LGBT community by firing Cochran [COA-EMAIL 26987] | FRE 401, 403 |
| | 168 | Email from Shahar to Baker dated 4/20/15 re Human Rights Campaign gala [COA-EMAIL 27128] | FRE 401, 403 |
| | 169 | Email from Georgia Equality to Shahar re countering rally in support of Cochran [COA-EMAIL 26772] | FRE 401, 403, 801-03 |
| | 170 | Email from Shahar dated 2/23/15 re press questions [COA Cochran 2374-75] | FRE 401, 403, 801-03 |
| | 171 | Shahar email dated 3/10/15 re AFRD climate survey [COA-EMAIL 27074-75] | FRE 401, 403 |
| | 172 | Shahar announcement to AFRD re her position as Mayor's advisor on LGBT issues [COA-EMAIL 4108] | FRE 401, 403 |
| | 173 | Memo from Interim Chief Baker to AFRD dated 1/16/15 re AFRD diversity and workplace equity [COA-EMAIL 4109] | FRE 401, 403 |
| | 174 | Shahar emails with news clips [COA Cochran 2380-86] | FRE 401, 403, 801-03 |
| | 175 | Shahar emails dated 1/13/15 re HRC contact about Cochran [COA Cochran 2377] | FRE 401, 403 |
| | 176 | Shahar email dated 1/8/15 to dad and Susan re Cochran firing [COA-EMAIL 26587-90] | FRE 401, 403 |
| | 177 | Email from Anti-Defamation League to Shahar re letter to Mayor [COA-EMAIL 26445-46] | FRE 401, 403 |

| | | | |
|---|---|---|---|
| | 178 | Email from Shahar to ADL dated 12/4/14 re Cochran's book and suspension [COA-EMAIL 26322] | FRE 401, 403 |
| | 179 | Email to Shahar from journalist dated 11/26/14 re: concerns about Cochran [COA-EMAIL 4328] | |
| | 180 | Emails from Cindy Thompson to Shahar re Cochran and discrimination policy [COA-EMAIL 26475-76] | |
| | 181 | Shahar emails re meeting with Cindy Thompson [COA Cochran 2408-09] | |
| | 182 | Emails beween Shahar, Yancy and Torres re meeting [COA Cochran 2414-16] | FRE 401, 403 |
| | 183 | Emails between Shahar and Yancy re LGBT projects [COA-EMAIL 102-116] | FRE 401, 403, 801-03 |
| | 184 | Emails to Mullinax dated 1/13/15 re messages for social media [COA-EMAIL 3966-67] | FRE 401, 403 |
| | 185 | Emails from Mullinax dated 1/13/15 re messages for social media [COA-EMAIL 4064-65] | FRE 401, 403 |
| | 186 | Emails from Mullinax dated 1/13/15 re messages for social media [COA-EMAIL 4275-76] | FRE 401, 403 |
| | 187 | Emails from Mullinax dated 1/13/15 re messages for social media [COA-EMAIL 4172-73] | FRE 401, 403 |
| | 188 | Email from Mullinax dated 1/13/15 re NYT editorial [COA-EMAIL 4089] | FRE 401, 403 |
| | 189 | Faith & Freedom Coalition statement and other print media [COA-EMAIL 4023-43] | FRE 401, 403, 801-03, 901 |
| | 190 | Mullinax email dated 1/12/15 re Faith Freedom Coalition [COA-EMAIL 4023] | FRE 106, 401, 403 |
| | 191 | Mulinax email dated 1/6/15 re statement on Cochran [COA-EMAIL 4014-15] | FRE 403 |
| | 192 | Mullinax email dated 1/5/15 re supporters and press conference [COA-EMAIL 4188] | FRE 401, 403 |

| | 193 | Mullinax email dated 1/5/15 re Times Union article on Cochran [COA-EMAIL 3998] | FRE 401, 403 |
|---|---|---|---|
| | 194 | Mullinax email dated 1/2/15 re Pope Francis and LGBT issues [COA-EMAIL 4112] | FRE 401, 403 |
| | 195 | Shahar email to Mullinax re Washington Post article [COA-EMAIL 4390] | FRE 401, 403 |
| | 196 | Email from Wan to Weisberg dated 11/11/15 [ECF No. 107-34; COA-EMAIL 25990-92] | FRE 401, 403 |
| | 197 | Email to Wan dated 2/23/15 re appearing on Michael Graham Show re Cochran [COA Cochran 1663] | FRE 401, 403 |
| | 198 | Email between Wan and citizen Weisberg re First Amendment [COA-EMAIL 25990-92] | FRE 401, 403 |
| | 199 | Email from Wan dated 1/15/15 re telephone calls [COA Cochran 1768] | FRE 401, 403 |
| | 200 | Wan emails dated 2/19/15 re interview on 11 Alive [COA-EMAIL 25998] | FRE 401, 403 |
| | 201 | Emails to Wan re LGBT allies diversity summit [COA-EMAIL 385-88] | FRE 401, 403 |
| | 202 | Wan emails dated March 2015 re HRC Gala [COA-EMAIL 378-80] | FRE 401, 403 |
| | 203 | Emails re Print Clips dated 4/26/13 [COA-EMAIL 1640-49] | FRE 401, 403, 801-03 |
| | 204 | Emails to AFRD re diversity and workplace equity [COA-EMAIL 4106-07] | FRE 401, 403 |
| | 205 | Email from Byrd dated 1/9/15 re Franklin Graham Facebook excerpt [COA-EMAIL 4207] | |
| | 206 | Emails to Byrd re interim fire chief Baker [COA-EMAIL 26228-29] | FRE 401, 403, 801-03, 901 |
| | 207 | Cochran's Request for Permission to Perform Outside Employment dated 1/3/08 [COA Cochran 34] | FRE 403 |

| | 208 | Email from Bill May to Cochran dated 10/21/14 re his book Every Third Day [COA Cochran 3914] | |
| | 209 | Email from Cochran to Pat Labat dated 5/6/09 re leadership articles [COA-EMAIL 2787-93] | FRE 801-03 |
| | 210 | Email to Cochran dated 8/10/12 re: Q-Time Breakfast Group [COA-EMAIL 1754-55] | |
| | 211 | Cochran emails Jan 2013 re Men's small group study [COA-EMAIL 1655] | |
| | 212 | Emails between Cochran and Nicole re editor needed [COA-EMAIL 1650-51] | |
| | 213 | Email from Myrna Gale to Cochran re book ready to print [COA-EMAIL 1335] | FRE 106 |
| | 214 | Cochran emails with Myrna Gale re book contract and self-publishing agreement [3G 12-16] | |
| | 215 | Emails between Cochran and Myrna Gale re book revisions [COA-EMAIL 1490-1533] | |
| | 216 | Cochran email to Gale dated 12/9/13 re final edits [COA-EMAIL 2268] | FRE 106 |
| | 217 | Cochran and Gale emails June 2014 re revised galley [COA-EMAIL 2098-99] | |
| | 218 | Cochran and Gale emails dated 6/23/14 re updated galley [COA-EMAIL 2096] | |
| | 219 | Email from Gale to Cochran re cost of book and revisions [PL1804] | |
| | 220 | Cochran emails with Roy Rangel dated 7/18/13 re Buckhead Rotary [COA-EMAIL 1634] | |
| | 221 | Emails between Cochran and Yoshonda Williams re opinions on singleness and married with portions of his book attached [COA-EMAIL 2819-70] | |
| | 222 | Email from William McElvery to Cochran dated 11/24/14 re support [COA-EMAIL 1931] | |

| | | | |
|---|---|---|---|
| | 223 | Email from "Roger" to Cochran dated 11/25/14 re suspension unfair [COA-EMAIL 1930] | |
| | 224 | Emails from Sandy Davis to Cochran dated 11/24/14 re support [PL1835-36] | |
| | 225 | Email from GA Voice to Ward dated 11/24/14 re media request about Cochran's book [COA Cochran 3876] | |
| | 226 | Emails between Cochran and Chief Hastings re presentations to Seattle Fire Dept and job possibility [COA Cochran 3882-84] | FRE 401, 403 |
| | 227 | Email from Cochran to Rangel re out of office for 30 days [COA Cochran 3910] | |
| | 228 | Email from Mike H to Cochran dated 11/25/14 re support/sympathy [COA Cochran 3913] | |
| | 229 | Email from Lorensen to city council members re support for Cochran [COA Cochran 1648] | |
| | 230 | Email from Ron Little, Chaplain for Clayton County Fire dated 11/26/14 re support [PL1852] | |
| | 231 | Email from Bobby Halton to Cochran dated 11/28/14 re support [COA Cochran 3873] | |
| | 232 | Emails between MaKenzie Beard and Cochran dated 11/30/14 re meeting [PL1855] | FRE 401 |
| | 233 | Emails between Gerald Harris and Cochran dated 12/5/14 re article for Christian Index [PL1862] | |
| | 234 | Emails between Cochran and Shane Phillips of City of Orange Beach Fire Dept dated 1/6/15 re support [COA Cochran 3874-75] | |
| | 235 | 2015 Speaking Engagements of Cochran [PL2208-10] | FRE 901 |
| | 236 | 8/2/12 Deaderick Facebook post [COA Cochran 3719] | |
| | 237 | 9/12/12 Calloway email re proposed dismissal of fire Sgt. [COA Cochran 3693-99] | FRE 401, 403 |

| | 238 | 2011, 2014 Cochran evaluations [COA Cochran 14, 1754] | FRE 401, 403 |
|---|---|---|---|
| | 239 | 11/4/13 Gale email re final galley [COA-EMAIL 1335-1480] | |
| | 240 | 11/24/14 Notice of Suspension [PL2327] | |
| | 241 | 11/25/14 Cochran Email re praying for you [PL 1842] | FRE 401, 403 |
| | 242 | 12/11/14 J. Patterson letter re Newnan First Baptist speech [PL 2250] | |
| | 243 | 12/13/14 Cochran email re Fb posting review and update [PL 1907-17] | |
| | 244 | 12/13/14 Elliott and Cochran emails [PL 1918-21] | |
| | 245 | 12/15/14 Georgia Baptist convention Press Release [ECF No. 106-14, pp 2-3] | |
| | 246 | Georgia Baptist Mission Board petition [ECF No. 106-13, pp. 2-3] | |
| | 247 | Transcript of Mayor Reed discussing Fire Chief Cochran on Fox 5 [ECF No. 107-12] | FRE 901, 1002 |
| | 248 | Emails from A. Napper to Cochran [PL 1965-68, 1970] | FRE 401, 403 |
| | 249 | 3/8/15 Email from Cochran to Barun at BGEA re Resume [PL 2035-42] | FRE 801, 802 |
| | 250 | 1/19/15 Email from Cochran to Rinehart at BGEA re Your Support for Kelvin Cochran [PL 2000-04] | |
| | 251 | CFAI Re-Accreditation Report dated 2/27/14 [COA Cochran 1814-1862] | |
| | 252 | Cochran Government Estimate of Total Compensation Package [Zandman 101-103] | |
| | 253 | Estimate of Total Compensation Package [Zandman 125-126] | |

| | 254 | Summary Plan Description for the General Employees' Pension Plan, etc. [Zandman 137-165] | |
|---|---|---|---|
| | 255 | Elizabeth Baptist Church Offer Letter [Zandman 346; PL 460] | |
| | 256 | 12/15/14 Emails between Ollie Tyler and Cochran re touching base [PL 2324-26] | |
| | 257 | Personnel file of Cochran produced by FEMA [FEMA 1-71] | FRE 801, 802 |
| | 258 | Cochran's W-2 forms from the City of Atlanta [Zandman 769-773] | |
| | 259 | Cochran projected earnings [Zandman 777] | |
| | 260 | Cochran 2016 Consulting back up documentation [Zandman 1659-81] | |
| | 261 | Atlanta City code Art. II, Ch. 6 Pensions [Zandman 1456-87] | |
| | 262 | 4/27/18 Press Release [Zandman 1656-58] | |
| | 263 | 3/29/16 Engagement Letter with Zandman [COA Cochran 4217-23] | |
| | 264 | Dr. Rushing notes and charts [PL 2935-52] | |
| | 265 | Atlanta City Hall Shakeup article, https://www.ajc.com/news/local-govt--politics/cabinet-shakeup-who-was-mayor-bottoms-resignation-letter-list/fwKyldfS5llYEto4qD36wK/ | |
| | 266 | Statement: Mayor Keisha Lance Bottoms Releases Statement on New Team, Apr. 27, 2018, https://www.atlantaga.gov/Home/Components/News/News/11571/672 | |
| | 267 | 6/8/18 Press Release: Mayor Keisha Lance Bottoms Announces Three Key Appointments to | |

| | | | |
|---|---|---|---|
| | | the City of Atlanta, https://www.atlantaga.gov/Home/Components/News/News/11607/1338 | |
| | 268 | 10/14/15 Article and Video from Fox 5 Atlanta: http://www.fox5atlanta.com/news/lawyer-blames-atlanta-mayor-for-harm-done-to-ex-fire-chief | FRE 801, 802 |
| | 269 | Mayor Reed tweet re Cochran dated 11/24/14 | |
| | 270 | City of Atlanta 8/7/12 Press Release: Kelvin J. Cochran Awarded Fire Chief of the Year, http://www.atlantaga.gov/index.aspx?recordid=1228&page=672 | FRE 401, 403 |
| | 271 | City of Atlanta 9/5/12 Press Release: Atlanta Fire Rescue Department Achieves Full Staffing on Fire Trucks; Zero Vacant Positions, http://www.atlantaga.gov/index.aspx?recordid=1299&page=672 | FRE 401, 403 |
| | 272 | WSB-TV 11/24/14 Article and Videos, https://www.wsbtv.com/news/local/atlanta-fire-chief-suspended-publishing-distributi/137851962 | FRE 801, 802 401, 403 |
| | 273 | FoxNews 1/26/15 Article, http://www.foxnews.com/opinion/2015/01/26/christian-ex-fire-chief-fires-back-at-atlanta-mayor-files-discrimination/ | |
| | 274 | Atlanta Journal-Constitution Article: Fire chief suspended over book controversy, https://www.myajc.com/news/fire-chief-suspended-over-book-controversy/mYFsK5I6cdb7bHzNCQ21bM/?clearUser | FRE 801, 802, 401, 403 |
| | 275 | City of Atlanta 8/29/14 Press Release: Atlanta Fire Rescue Department Announces Upgrade in City's ISO Rating to Class 1 Atlanta becomes one of 60 cities nationwide with the top rating for fire suppression capabilities, | FRE 401, 403 |

| | | https://www.atlantaga.gov/Home/Components/News/News/3015/1338?seldept=7&arch=1&npage=2 | |
|---|---|---|---|
| | 276 | City of Atlanta 8/14/14 Press Release: Atlanta Fire Rescue Department Retains Accreditation, https://www.atlantaga.gov/Home/Components/News/News/2982/1338?arch=1&seldept=7 | FRE 401, 403, 801 |
| | 277 | Atlanta Journal Constitution Article dated 12/11/12: Atlanta mayor announces his support of gay marriage, https://www.ajc.com/news/local/atlanta-mayor-announces-his-support-gay-marriage/xeRDMFCcajmlbsI7pX6wrO/ | FRE 401, 403, 801 |
| | 278 | City of Atlanta Media Advisory: Mayor Keisha Lance Bottoms to Make Announcement on Transparency in the City of Atlanta dated 4/9/18, https://www.atlantaga.gov/Home/Components/News/News/11557/1338?npage=2&arch=1https://www.atlantaga.gov/Home/Components/News/News/11557/1338?npage=2&arch=1 | * |
| | 279 | 11 Alive Article: Why Atlanta's mayor asked her entire cabinet to resign, https://www.11alive.com/article/news/why-atlantas-mayor-asked-her-entire-cabinet-to-resign/85-536960926 | * |
| | 280 | 11 Alive article re resignation letters, https://www.11alive.com/gallery/news/see-resignation-letters-from-mayor-keisha-lance-bottoms-cabinet/85-546670482https://www.11alive.com/gallery/news/see-resignation-letters-from-mayor-keisha-lance-bottoms-cabinet/85-546670482 | * |
| | 281 | City of Atlanta Press Release dated 8/6/18: Bonus Investigation Results Announced, https://www.atlantaga.gov/Home/Components/News/News/11651/672 | * |

| | 282 | Press conference on April 10, 2018, https://www.youtube.com/watch?v=aZne_0Lj_N4https://www.youtube.com/watch?v=aZne_0Lj_N4 | * |
|---|---|---|---|
| | 283 | Atlanta Journal Constitution article dated Aug 27, 2018, https://www.ajc.com/news/local-govt--politics/new-subpoena-focuses-reed-travel-mayor-office-credit-card-use/2Drr7bUIoS4UJ39ncD1y9H/ | * |
| | 284 | WSB-TV 2 Article and video dated June 10, 2016, https://www.wsbtv.com/news/local/atlanta/mayor-reed-on-fired-airport-gm-hes-fortunate-i-dont-destroy-his-career/333712881 | * |
| | | | |
| | Treatise | Dake's Annotated Study Bible | |
| | Treatise | Social Security Administration Cost of Living Adjustments | |
| | Treatise | Journal of Forensic Economics 2004 by Kurt Krueger | |
| | Treatise | Litigation Services Handbook: The Role of the Financial Expert by Weil, Lentz, and Hoffman | |

- Plaintiff reserves the right to introduce at trial any documents listed by Defendant on its exhibit list.

- Plaintiff reserves the right to introduce at trial additional documents for impeachment or rebuttal, the need for which cannot be reasonably foreseen at this time.

- Plaintiff reserves the right to introduce any documents produced by either party during discovery in this matter or attached to the parties respective motions for summary judgment.

**NOTE**: Defendant objects to this reservation of rights. Plaintiff must identify every exhibit he intends to use at trial in the pre-trial order.

- Plaintiff reserves the right to amend his exhibit list to include any documents produced after the filing of the pretrial order.

- Plaintiff reserves the right to introduce pleadings, motions, transcripts, and other documents filed in this matter for impeachment or rebuttal purposes or to prove admissions of fact.

**<u>NOTE</u>**: Defendant objects to this reservation of rights to the extent Plaintiff seeks the right to use motions or unverified pleadings, which do not constitute admissible evidence, for impeachment purposes.

- Plaintiff reserves the right to introduce documents in the public domain.

\* Due to the time difference between Plaintiff's counsel and Defendant's counsel, Defendant did not have an opportunity to object to Exhibits 278-284, but intends to do so.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kelvin J. Cochran | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO.  1:15-cv-00477-LMM |
| | ) |
| THE CITY OF ATLANTA, | ) |
| GEORGIA | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ATTACHMENT "G-2"
## <u>DEFENDANT'S LIST OF EXHIBITS</u>

Defendant anticipates utilizing the following exhibits at trial:

| Admitted | Ex. No. | Description | Plaintiff's Objections |
|---|---|---|---|
| | 1. | Nov 16, 2007 Cochran COA Offer Letter [COA-Cochran 000046] | |
| | 2. | Nov. 19, 2017 Nomination Letter [COA-Cochran 000054] | |
| | 3. | 2008 Request for  Permission to Perform Outside Employment [COA-Cochran 000034] | FRE 401, 402 |
| | 4. | Feb. 27, 2008 Cochran Memorandum to Ethics Officer [COA-Cochran 001620-21] | FRE 401, 402 |
| | 5. | March 20, 2008 Request for Outside Employment  Board of Ethics | FRE 401, 402 |

| | | | |
|---|---|---|---|
| | | Recommendation [COA-Cochran 001619, 1617, 1618] | |
| | 6. | June 9, 2010 Cochran COA Offer Letter [COA-Cochran 000010] | |
| | 7. | Fire Chief Job Description [COA-Cochran 002009-12] | |
| | 8. | AFRD FY11 Department Overview [COA-Cochran 002013-18] | |
| | 9. | Atlanta City Code, Article VII, COA Code of Ethics [COA-Cochran 001452-72] | FRE 106, 401, 402, 403 |
| | 10. | AFRD Disciplinary Procedure Manual [COA-Cochran 001030-1208] | |
| | 11. | COA Employee Ethics Pledge [COA-Cochran 000020] | FRE 106, 401, 402, 403 |
| | 12. | Oct. 21, 2014 May-Cochran Email re: Every Third Day [COA Cochran 003914] | FRE 401, 402, 403 |
| | 13. | 2008-2014 Cochran Financial Disclosure Statements [COA-Cochran 001781-1805] | |
| | 14. | COA Employee Handbook [COA-Cochran 000508-533] | FRE 106, 401, 402 |
| | 15. | AFRD Doctrine [COA-Cochran 000786-795] | FRE 106, 401, 402 |
| | 16. | May 6, 2009 Cochran Email re Articles [COA EMAIL 0002787-91] | FRE 401, 402 |
| | 17. | Aug. 2, 2012 Deaderick Email re Facebook Picture Concern and Facebook Post [COA Cochran 003708; 3719] | FRE 106, 401, 402, 403, 701, 801-803, 901 |

| | 18. | Sept. 12, 2012 Calloway Email re Proposed Dismissal of Fire Sgt. [COA Cochran 003693-99] | FRE 401, 402, 801-803 |
|---|---|---|---|
| | 19. | Shewmaker Notice of Final Adverse Action [COA-Cochran 003679-81] | FRE 401, 402, 801-803 |
| | 20. | White Notice of Final Adverse Action and Supporting Documents [COA-Cochran 003641-49] | FRE 401, 402, 403, 801-803 |
| | 21. | 2011, 2014 Cochran Evaluations [COA-Cochran 000014, 001754] | FRE 106, 401, 402 |
| | 22. | Feb. 27, 2014 Re-Accreditation Report [COA-Cochran 001814-62] | FRE 106, 401, 402, 403, 801-803, 901 |
| | 23. | Feb. 6, 2014 Center for Public Safety Excellence Re-Accreditation Follow Up Briefing [COA-Cochran 002369-73] | FRE 106, 401, 402 |
| | 24. | Re-Accreditation Workshop [PL 002280-92] | FRE 106, 401, 402 |
| | 25. | 8/10/12 Yarbrough Email re Q-Time Breakfast Group [COA-EMAIL 0001754-55] | FRE 401, 402, 801-803, 901 |
| | 26. | Oct. 31, 2012 Cochran Email re Who Told You That You Were Naked [COA EMAIL 0003372-88] | FRE 401, 402, 403 |
| | 27. | 10/31/2012 Hickson Notes [COA-Cochran 001563] | FRE 401, 402, 403 |
| | 28. | Jan. 22, 2013 Cochran Email Chain re Proposed Men's Small Study Group [COA EMAIL 0001655] | FRE 401, 402 |

| | 29. | 2013 Cochran-Lester Email Chain re Editor Needed [COA EMAIL 0001650-51] | FRE 401, 402, 403, 801-803, 901 |
|---|---|---|---|
| | 30. | May 20, 2013 Gale Email re Contract [3G 00012-16] | FRE 401, 402 |
| | 31. | June 28, 2013 Self-Publishing Author Agreement with 3G [PL 002804-07] | FRE 106, 401, 402, 403 |
| | 32. | July 9, 2013 Hickson Notes [COA-Cochran 001564] | FRE 401, 402, 403 |
| | 33. | July 18, 2013 Email re Buckhead Rotary [COA EMAIL 0001634] | FRE 401, 402 |
| | 34. | July 25, 2013 Email re Book Revisions Pt. 1 [COA EMAIL 0001490-1533] | FRE 106, 401, 402, 403 |
| | 35. | Nov. 4, 2013 Gale Email re Final Galley [COA-EMAIL 0001335-1480] | FRE 106, 401, 402, 403 |
| | 36. | December 9, 2013 Email re Final Galley Comments [COA EMAIL 0002268] | FRE 106, 401, 402, 403 |
| | 37. | June 6, 2014 Cochran Email re Galley Edits [COA EMAIL 0003099] | FRE 106, 401, 402, 403 |
| | 38. | June 7, 2014 Gale Email re Cost [PL 001804] | FRE 401, 402 |
| | 39. | June 23, 2014 Cochran Email re Updated Galley [COA EMAIL 0002096] | FRE 106, 401, 402, |
| | 40. | July 24, 2014 Cochran Email re Book Invoice [COA EMAIL 0002093-94] | FRE 401, 402 |

| | 41. | July 30, 2014 Email re Men's Health Day Seminar [COA EMAIL 0000738-39] | FRE 401, 402 |
|---|---|---|---|
| | 42. | July 21, 2009 Cochran Email re Sex and the Righteous Man [COA EMAIL 0002819-2866] | FRE 401, 402, 403 |
| | 43. | Aug. 9, 2014 Cochran Email re Book Invoice [COA EMAIL 0002081-82] | |
| | 44. | Sept. 3, 2014 Cochran Email re Men's Health Day with Bio [COA EMAIL 002075-2080] | FRE 106, 401, 402 |
| | 45. | Who Told You That You Were Naked [Entire Book; Dkt. No. 107-9] | FRE 106, 401, 402, 403 |
| | 46. | Nov. 24, 2014 Notice of Suspension [PL 002327] | |
| | 47. | Nov. 24, 2014 Cochran Email re Support [COA EMAIL 0001931] | FRE 401, 402, 403, 801-803, 901 |
| | 48. | Nov. 25, 2014 Cochran Email re Suspension  Unfair [COA EMAIL 0001930] | FRE 401, 402, 403, 801-803, 901 |
| | 49. | Nov. 25, 2014 Cochran Email re You are THE MAN [PL 001835-36] | FRE 401, 402, 403, 801-803, 901 |
| | 50. | Nov. 24, 2014 D. Bagby Email re Media Request [COA Cochran 003876] | FRE 401, 402, 403, 801-803, 901 |
| | 51. | Nov. 22, 2014 Cochran Email re Presentations/Seattle | FRE 401, 402 |

| | | [COA Cochran 003882-85] | |
|---|---|---|---|
| | 52. | Nov. 24, 2014 Mullinax-Shahar Email re Thompson Interview [COA Cochran 002408-09] | FRE 106, 401, 402, 403, 801-803 |
| | 53. | Nov. 25, 2014 Cochran Email re My Condolences [COA Cochran 003913] | FRE 401, 402, 403, 801-803, 901 |
| | 54. | No. 26, 2014 Lorensen Email re Fire Chief Cochran [COA-Cochran 001648] | FRE 401, 402, 403, 801-803, 901 |
| | 55. | No. 25, 2014 Cochran Email re Praying for You [PL 001842] | FRE 401, 402, 403, 801-803, 901 |
| | 56. | Nov. 27, 2014 Cochran Email re Praying For You [PL 001852] | FRE 401, 402, 403, 801-803, 901 |
| | 57. | Nov. 28, 2014 Cochran Email re Note [COA Cochran 003873] | FRE 401, 402, 403, 801-803, 901 |
| | 58. | Dec. 5, 2014 Cochran Email re Article for Christian Index [PL 001862] | FRE 401, 402, 403, 801-803, 901 |
| | 59. | Dec. 11, 2014 J. Patterson Letter re Newnan First Baptist Speech [PL 002250] | FRE 401, 402, 403, 801-803, 901 |
| | 60. | Dec. 13, 2014 Cochran Email re Plan: Cochran Confidential | FRE 106, 401, 402, |

| | | | |
|---|---|---|---|
| | | [PL 001901-04] | 403, 801-803, 901 |
| | 61. | Dec. 13, 2014 Cochran Email re Fb Posting Review and Update [PL 001907-17] | FRE 106, 401, 402, 403, 801-803, 901 |
| | 62. | Dec. 13, 2014 Elliott - Cochran Emails [PL 001918-21] | FRE 106, 401, 402, 403, 801-803, 901 |
| | 63. | Dec. 15, 2014 Georgia Baptist Convention Press Release [Dkt. No. 106-14, pp. 2-3] | FRE 401, 402, 403 |
| | 64. | Dec. 16, 2014 Cochran Email re Atlanta Fire Chief Kelvin Cochran [PL 001940-42] | FRE 106, 401, 402, 403, 801-803, 901 |
| | 65. | Dec. 17, 2014 Cochran-Giffin Email re Complete Testimony [PL 001945-46] | FRE 106, 401, 402, 403, 801-803, 901 |
| | 66. | Dec. 18, 2014 Cochran Email re Religious Freedom [PL 001952-53] | FRE 401, 402, 403, 801-803, 901 |
| | 67. | Dec. 22, 2014 ADL Letter to Mayor Reed [COA EMAIL 004165-66] | FRE 106, 401, 402, 403, 701-703, 801-803, 901 |
| | 68. | Recording of Cochran Speech at First Baptist Church of Newnan [PL 002487] | FRE 106, 401, 402, 403 |
| | 69. | Recording of Cochran Speech at GA Baptist Convention [PL 001949] | FRE 106, 401, 402, 403 |

| | | | |
|---|---|---|---|
| | 70. | Georgia Baptist Mission Board https://gabaptist.org/petition [Dkt. No. 106-13, pp. 2-3] | FRE 401, 402 |
| | 71. | Transcription of Mayor Reed Discussing Fire Chief Cochran on Fox 5 [Dkt. No. 107-12] | FRE 106, 401, 402 |
| | 72. | Jan. 6 2015 Email re Statement on Chief Cochran [COA Cochran 003936-37] | FRE 106, 401, 402, 403, 801-803 |
| | 73. | Jan. 7, 2015 Torres Email re Mayor's Statement [COA-EMAIL 004125-26] | FRE 106, 401, 402, 403, 801-803 |
| | 74. | Jan. 13, 2015 Mayor Reed Facebook Post [Dkt. No. 107-8; with non-Reed Facebook comments redacted] | FRE 106, 401, 402, 403, 801-803 |
| | 75. | Jan. 13, 2015 COA News Release re Investigative Report Release [COA EMAIL 004147-49] | FRE 106, 401, 402, 403, 801-803 |
| | 76. | Jan. 6, 2015 Chief Phillips Email re City of Orange Beach Fire Department [COA Cochran 003874-75] | FRE 401, 402, 403, 901 |
| | 77. | Emails from A. Napper to Cochran [PL001965-68, 1970 | FRE 401, 402, 801-803, 901 |
| | 78. | Jan 8, 2015 Clemmons Letter [PL 002229-31] | FRE 401, 402, 403, 801-803, 901 |
| | 79. | Jan. .9, 2015 Cochran Email re Your Book | FRE 401, 402, 403, |

| | | | |
|---|---|---|---|
| | | [PL 001969] | 801-803, 901 |
| | 80. | Feb. 3, 2015 Email re Family Research Council [PL 002094-2101] | FRE 401, 402, 801-803, 901 |
| | 81. | Mar. 8, 2015 Cochran Email re Resume [PL 002035-42] | FRE 401, 402 |
| | 82. | Jan. 9, 2015 COA Investigative Report [COA-Cochran 002278-2282] | FRE 106, 401, 402, 403, 701, 702, 801-803 |
| | 83. | Yvonne Yancy Notes [COA-Cochran 001777-80] | FRE 401, 402, 403 |
| | 84. | Cochran Resume [COA-Cochran 000023-29] | FRE 106 |
| | 85. | Video of Mayor Reed's Press Conference Re: Termination of Chief Cochran [COA Cochran 507] | FRE 106, 401, 402, 403, 901 |
| | 86. | Jan. 19, 2015 Cochran Email re Your Support for Kelvin Cochran [PL 002000-04] | FRE 401, 402, 801-803, 901 |
| | 87. | Mar. 26, 2015 Mesler Letter to Cochran [PL 2213-15] | FRE 401, 402, 403, 801-803, 901 |
| | 88. | Thompson Email to R. Shahar [COA EMAIL 026299] | FRE 106, 401, 402, 403, 801-803, 901 |
| | 89. | Sept. 2, 2015 ADF Email to Rushing [PL 003030-31] | FRE 401, 402, 801-803, 901 |

| | 90. | Apr. 23, 2018 Rushing Fee Schedule [PL 002999] | FRE 401, 402 |
|---|---|---|---|
| | 91. | Zandman CV [Zandman 001225-32] | FRE 106, 702 |
| | 92. | Cochran COA Government Estimate of Total Compensation Package [Zandman 000101-103] | FRE 106 |
| | 93. | 2007 Cochran Appointment Documents [COA Cochran 2078-2090] | FRE 106, 401 |
| | 94. | 2010 Cochran Appointment Documents [COA Cochran 2091-2114]] | FRE 106, 401 |
| | 95. | COA Estimate of Total Compensation Package [Zandman 000125-26] | FRE 106 |
| | 96. | COA City Council Salary Increase Approval Packets [Zandman 000128-135] | FRE 106, 401, 901 |
| | 97. | COA Summary Plan Description for the General Employees' Pension Plan, etc. [Zandman 000137-165] | FRE 701, 702, 703 |
| | 98. | Vehicle Cost Articles [Zandman 000166-68; 246-47] | FRE 401, 402 |
| | 99. | EBC Cochran Offer Letter [Zandman 000346] | |
| | 100. | Cochran's tax return from 2010 [PL0001-104] | |
| | 101. | Cochran's tax return from 2011 [PL000106-175] | |
| | 102. | Cochran's tax return from 2012 [PL000177-263] | |
| | 103. | Cochran's tax return from 2013 [PL000265-346] | |

| | | | |
|---|---|---|---|
| | 104. | Cochran's tax return from 2014 [PL 000348-428] | |
| | 105. | Cochran's tax return from 2015 [PL002345-2461] | |
| | 106. | Cochran's tax return from 2016 [PL002884-2926] | |
| | 107. | Cochran's tax return from 2017 and 2017 1099s[PL003036-3077; 3078-86] | |
| | 108. | Cochran's W-2 forms from the City of Atlanta from 2010-2014 [Zandman 000769-773] | |
| | 109. | Cochran's W-2 forms from Elizabeth Baptist Church from 2015-2017 [PL 000456, 3087] | |
| | 110. | Shreveport Fire Department Cochran Salary 2003-07 [Shreveport 00018] | FRE 106, 401, 402 |
| | 111. | Cochran Projected Earnings [Zandman 000777] | FRE 106, 701, 702, 703, 901 |
| | 112. | Cochran 2016 Consulting Back Up Documentation [Zandman 006159-81] | FRE 106, 701, 702, 703, 90 |
| | 113. | Atlanta City Code Art. II, Ch. 6 Pensions [Zandman 001456-87] | FRE 106, 401, 402 |
| | 114. | COA 4/27/18 Press Release [Zandman 001656-58] | FRE 106, 401, 402, 403, 701, 702, 703 |
| | 115. | Atlanta City Hall Shakeup, https://www.ajc.com/news/local-govt--politics/cabinet-shakeup-who- | FRE 106, 401, 402, 403, 701, |

| | | was-mayor-bottoms-resignation-letter-list/fwKyldfS5llYEto4qD36wK/ | 702, 703, 801, 802 |
|---|---|---|---|
| | 116. | Statement: Mayor Keisha Lance Bottoms Releases Statement on New Team, Apr. 27, 2018, https://www.atlantaga.gov/Home/Components/News/News/11571/672 | FRE 106, 401, 402, 403, 701, 702, 703, 801, 802 |
| | Statute | Atl. City Ord. 12-O-1726 dated June 17, 2013 and Atl. City Ord. 15-O-1065 dated July 20, 2015 | FRE 106, 401, 402 |
| | Learned Treatise | Centers for Disease Control Life Tables | |
| | Learned Treatise | Weil, Lentz, Hoffman; Litigation Services Handbook: The Role of the Financial Expert, 5th Ed.; | |
| | Learned Treatise | Fannon, Nancy J.; The Comprehensive Guide to Lost Profits Damages for Experts and Attorneys; 2011 ed. | |
| | Learned Treatise | BLS Employer Costs for Employee Compensation [Zandman 000249-71] | |
| | Learned Treatise | National Vital Statistics Report, US Life Tables 2011 [Zandman 000272-334] | |

- Defendant reserves the right to introduce at trial any documents listed by Plaintiff on its exhibit list.

- Defendant reserves the right to introduce at trial additional documents for impeachment or rebuttal, the need for which cannot be reasonably foreseen at this time.

- Plaintiff reserves the right to amend his exhibit list to include any documents produced after the filing of the pretrial order.

- Plaintiff reserves the right to introduce pleadings, motions, transcripts, and other documents filed in this matter for impeachment or rebuttal purposes or to prove admissions of fact.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA and KASIM REED, | ) | |
| MAYOR, IN HIS INDIVIDUAL | ) | |
| CAPACITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT "I-1"**
**VERDICT FORM**

1. What amount of damages has Plaintiff suffered for lost pay from the date of his termination by the City of Atlanta to today:

   $_____

2. What amount of damages has Plaintiff suffered for any injury to his reputation:

   $_____

3.  What amount of damages has Plaintiff suffered for humiliation, emotional and mental suffering and distress:

    $_____

4.  What amount of damages has Plaintiff suffered for lost income associated with speaking engagements, consulting work, book sales, and other lost business opportunities:

    $_____

5.  What amount of damages has Plaintiff suffered for costs associated with finding new employment:

    $_____


Once you have completed this Verdict Form, please have the Jury Foreperson sign and date it and inform the Bailiff that you have reached a verdict.


_____
Jury Foreperson
_____
Print Name of Jury Foreperson
_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Kelvin J. Cochran | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:15-cv-00477-LMM |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| GEORGIA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ATTACHMENT "I-2"**
**DEFENDANT'S PROPOSED VERDICT FORM**

1. Was Plaintiff's failure to comply with the City's pre-approval ordinances the cause of the damages he suffered as a result of his termination?

   _____          _____
         Yes                                No

   If you checked "No," please proceed to Question 2, skip the remaining questions, and sign the bottom of this form as instructed below. If you checked "Yes," please proceed to Question 3.

2.  What amount of nominal damages is Plaintiff entitled to?

$_____

3.  Did Plaintiff engage in reasonable efforts to mitigate his damages and find alternative employment following his termination?

_____                    _____
        Yes                                No

If you checked "No," please proceed to Question 4. If you checked "Yes," please proceed to Question 4.

4.  What amount of damages (if any) has Plaintiff suffered for lost pay from the date of his termination by the City of Atlanta to today:

$_____

5.  What amount of damages (if any) has Plaintiff suffered for any injury to his reputation:

$_____

6.  What amount of damages (if any) has Plaintiff suffered for humiliation, emotional and mental suffering and distress:

$_____

7.  What amount of damages (if any) has Plaintiff suffered for costs associated with finding new employment:

$_____

Once you have completed this Verdict Form, please have the Jury Foreperson sign and date it and inform the Bailiff that you have reached a verdict.

_____
Jury Foreperson

_____
Print Name of Jury Foreperson

_____
Date